Affirmed in part and reversed in part with instructions.

**WHITE TOP CAB CO., Inc., et al.,
Appellants,**

v.

**CITY OF HOUSTON et al., Appellees.**

No. 235.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 9, 1969.

Rehearing Denied May 7, 1969.

Clark G. Thompson, Spiner, Pritchard & Thompson, Houston, for appellants.

William A. Olson, City Atty., Joseph G. Rollins, Sr., A'sst. City Atty., Will Sears, Sears & Burns, Houston, for appellees.

TUNKS, Chief Justice.

In July, 1968, Thomas D. Tyson, Director of Public Service of the City of Houston, conducted a hearing on the application of Greater Houston Transportation Company for the issuance to it of 200 permits for the operation of 200 additional taxicabs in the City of Houston. White Top Cab Co., Inc., and other corporate and individual holders of permits to operate cabs in the City of Houston participated in the hearing, contesting the granting of the application. The application was granted. The contestants undertook to appeal to the City Council of the City of Houston. That appeal was denied because the ordinance pertaining to such hearings did not provide for any such appeal by contestants, although it did provide for appeal by an applicant. White Top Cab Co., Inc. and the other contestants then filed suit in the dis-

trict court of Harris County, Texas, naming the City of Houston, the members of the City Council, the Director of Public Service and Greater Houston Transportation Company as defendants. By their suit the plaintiffs sought temporary and permanent injunctions against the issuance and use of the 200 taxicab permits and also sought a mandatory order directing the City to call an election to determine whether the permits should be granted. The defendants filed motion for summary judgment which was granted by the trial court. The plaintiff cab companies have appealed. We affirm the judgment of the trial court.

The ordinance of the City of Houston relating to taxicab permits is Chapter 39, Art. II. . That article makes it unlawful to operate a taxicab on the streets of the city without a permit and provides a fine for such unlawful operation. It specifies the procedure to be followed in applying for permits and in conducting the hearing thereon. At paragraph (e) it provides that "After the Director has made his findings and in the event the application has been denied, the applicant shall have the right to appeal to the City Council." There is no provision for any appeal either to the City Council or to a court by one contesting the application if it is granted.

■ The ruling of a governmental administrative body or officer is appealable to the court, where there is no statutory provision for such appeal, only where the ruling affects some vested property right of the appellant or otherwise violates some constitutional provision. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788.

The appellants here recognize that they have no statutory right of appeal to a court, but take the position that they have property rights in their existing permits which rights were affected by a grant of the new permits to their competitor so that they have an inherent right to judicial review of the Public Service Director's ruling. In support of their position the appellants cite Frost v. Corporation Commission,

278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483; Chemical Bank & Trust Co. v. Falkner (Tex.Sup.Ct.), 369 S.W.2d 427; Brazosport Savings & Loan Ass'n v. American Savings & Loan Ass'n, 161 Tex. 543, 342 S. W.2d 747, and Board of Ins. Commissioners v. Title Ins. Ass'n of Texas, 153 Tex. 574, 272 S.W.2d 95.

■ In each of those cases cited by appellants, the party seeking judicial review of an administrative order was the holder of a franchise authorizing it to operate a business affected with a public interest and subject to being regulated for the public good. They sought review of administrative orders that would result in the allegedly unlawful issuance of competing franchises. It was the ownership of the franchise in each case that was held to constitute the property right affected by the alleged unlawful order so as to give rise to the inherent right of judicial review. It is the contention of the appellees here, with which contention we agree, that the permits held by these appellants are not franchises the granting of which created property rights, but are mere licenses or privileges to operate taxicabs upon the streets of the City of Houston.

The provisions of the ordinance in question clearly indicate that the issuance of permits pursuant to its terms is merely an incident to the City's lawful regulation of the use of its streets by taxicabs. The ordinance requires that the Director of Public Service, in determining whether to grant an application for permit, take into consideration, among other things, the financial responsibility and moral character of the applicant, the effect additional permits will have on vehicular and pedestrian traffic, and the resulting effect on the business of existing permit holders and existing agencies of mass transportation in the city. The ordinance provides that permits issued may not be transferred except upon a finding that public convenience and necessity require such transfer. Permits issued pursuant to the ordinance may be revoked or suspended by the Director for

violation of the ordinance itself or upon conviction of the permittee of any violation of any law involving moral turpitude. Those provisions suggest an exercise by the City of its regulatory power rather than the grant of franchises.

In 37 C.J.S. Franchises § 7, p. 149, it is said:

"Not every permission granted by the state rises to the dignity of a franchise. So, while the exact line of demarcation between franchises and licenses is not clearly drawn, and the words 'franchise' and 'license' have been used synonymously, the two are distinguishable, one from the other, as are a permit and franchise. A mere license is distinguishable from a franchise in so far as a license is granted for the purpose of regulation, and also in that usually a license is a mere personal privilege, is, in its nature, a temporary or revocable permission, and may be derived from a source other than the legislature or sovereign power."

In City of Dallas v. Gill, Tex.Civ.App., 199 S.W. 1144, writ ref., the plaintiffs sought to enjoin the enforcement of a city ordinance relating to the operation of jitneys on the streets of the City of Dallas because it allegedly constituted the grant of a franchise and was not passed in accordance with the provision of the city charter relating to the passage of ordinances granting franchises. The Court said, at p. 1145:

"The term 'franchise,' as here used, was never contemplated by the lawmakers as applying to the regulation of jitneys operated over the streets of a city, for they in no wise are permitted to appropriate any part of the streets to their exclusive use. * * *"

■ A license to drive an automobile is a mere privilege and does not constitute property or a property right. Gillaspie v. Dept. of Public Safety, 152 Tex. 459, 259 S.W.2d 177; Lowe v. Texas Dept. of Pub-

lic Safety, Tex.Civ.App., 423 S.W.2d 952, writ ref., n. r. e.; Schwantz v. Texas Dept. of Public Safety, Tex.Civ.App., 415 S.W.2d 12, writ ref. In Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294, at p. 296, the Court said:

"* * * Public highways and streets are constructed and maintained at the public expense. No person, therefore, can insist that he has, or may acquire, a vested right to use such streets and highways in carrying on a commercial business."

■ On the authority of the cited cases we hold that the plaintiffs' existing permits to operate taxicabs do not constitute property rights which were affected by the order of the Director of Public Service granting the additional permits to the appellee, Greater Houston Transportation Company. The appellants, therefore, had no inherent right to judicial review of that order.

The testimony heard by the Director of Public Service on the application for permits was transcribed. Each of several witnesses who testified in behalf of the applicant executed an affidavit, attached to a transcript of his testimony, in which he swore that the transcript correctly recorded his testimony and that the facts set forth therein were true and correct. Those affidavits together with the affidavit of the Director of Public Service were filed by appellees in support of their motion for summary judgment.

■ We are of the opinion that, if judicial review had been available to the appellant, the substantial evidence rule would have been applicable to that review. Chemical Bank & Trust Co. v. Falkner, supra. The affidavits filed by the appellees are voluminous and any comprehensive summary of the uncontroverted facts shown in them would necessarily be long. Those affidavits show facts which, as a

matter of law, constitute reasonable support for the order appealed from and that such order was not "illegal, arbitrary, capricious, unreasonable or discriminatory." See Rock Island Independent School Dist. No. 907 v. County Board of School Trustees, Tex.Civ.App., 423 S.W.2d 665, writ ref., n. r. e.

The individual plaintiffs in the trial court, alternatively to their suit for injunction, alleged that they and more than 500 other qualified voters of the City of Houston had filed a petition for an election to be held wherein the voters would vote for or against the grant of the taxicab permits in question. They alleged that they were entitled to the holding of such an election under Art. 1181, Vernon's Ann. Tex.Civ.St. and Secs. 17 and 18 of Art. II, of the Charter of the City of Houston, and asked a mandatory order that such election be held. The statute and charter provisions relied upon by the appellants relate to referendum concerning an ordinance granting a franchise. The permits in question were not a franchise and they were issued pursuant to an administrative order—not an ordinance. Ex Parte Polite, 97 Tex. Cr.R. 320, 260 S.W. 1048; City of Dallas v. Gill, supra. Referendum is not available to determine an issue properly to be determined by administrative hearing in the carrying out of the policies of an ordinance previously enacted. Denman v. Quin, Tex.Civ.App., 116 S.W.2d 783, err. ref.

The judgment of the trial court is affirmed.