Shellie MOORE, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION, Appellee.

No. 1752.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 5, 1977.

Rehearing Denied May 3, 1978.

Carol Hildebrand, Houston Legal Foundation, Houston, for appellant.

John L. Hill, Atty. Gen., Michael E. Stork, Gayle Johnson Cipriano, Martha E. Smiley, Asst. Attys. Gen., Austin, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment that there was substantial evidence to support the Texas Employment Commission's finding that the appellant refused to participate in the Work Incentive Program without good cause.

Shellie Moore (Moore or appellant) entered the Texas Employment Commission (TEC or appellee) Work Incentive Program (WIN) in October 1975 in order to qualify for Aid to Families with Dependent Children (AFDC). Moore attended WIN orientation classes and watched films on how to apply for jobs. Between October 17, 1975 and November 28, 1975, she was given sixteen job referrals. In December 1975, the TEC employee responsible for directing Moore's job search made the determination that Moore had failed to report to seven of her scheduled job interviews. Moore was subsequently notified that she had been deregistered from WIN, and that her AFDC grants would be reduced accordingly, because of her failure to participate in the program.

Moore appealed to a TEC appeal tribunal, which determined that she had been lawfully participating in the program and should be allowed to continue to do so. The decision of the appeal tribunal was subsequently reversed by TEC, and Moore was deregistered from WIN and her AFDC grant reduced. Moore then brought an action for damages and injunctive relief in district court in Harris County. The court held that TEC's order was supported by substantial evidence and rendered judgment that Moore take nothing, from which judgment she appeals.

Moore contends, in her two points of error, that the trial court erred in holding that TEC's decision was supported by substantial evidence and in refusing to grant the injunctive relief that she had requested. TEC asserts, in its sole cross point, that the trial court erred in denying TEC's motion to dismiss for lack of jurisdiction. Our decision on the threshold question of whether the trial court had jurisdiction over the subject matter of this suit obviates a discussion of the appellant's points of error.

■ Moore alleged, in her first amended petition, that the trial court had jurisdiction under articles 1906, 5221b–4, and 6252–13a of the Texas Revised Civil Statutes. Article 5221b–4 provides for judicial review of TEC decisions on claims for "benefits." Article 5221b–17 defines "benefits" to mean "the money payments payable to an individual . . . ." Tex.Rev.Civ.Stat.Ann. art. 5221b–17(b)(1) (1971). Moore concedes that the benefits she lost because of her deregistration from WIN were not money payments, but consisted of counseling services, job referrals, and eligibility for AFDC benefits paid by another agency. Since Moore's claim was not one for benefits, the trial court did not have jurisdiction under article 5221b–4 to review her deregistration from WIN.

■ TEC contends that article 6252–13a does not authorize judicial review of its administrative decisions because TEC is an agency wholly financed by federal funds. See Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 3(1) (Supp.1978) (defining state agencies subject to judicial review). We reject that assertion. TEC clearly is not wholly financed by federal funds. Tex.Rev.Civ.Stat. Ann. arts. 5221b–5(a), 5221b–9(a), 5221b–11, 5221b–12, 5221b–22a (1971). We therefore hold that administrative decisions of the Texas Employment Commission are subject to judicial review pursuant to articles 1906 and 6252–13a. See Tex.Rev.Civ.Stat.Ann. art. 1906, § 6 (1964), and art. 6252–13a, § 19 (Supp.1978).

■ Although TEC decisions to deregister participants from WIN are subject to judicial review generally, the trial court did not acquire jurisdiction in the present case. Moore failed to comply with the statutory requirement that she file her action for judicial review in a district court of Travis County, Texas. See Tex.Rev.Civ.Stat.Ann.

**248**

art. 6252–13a, § 19(b)(1) (Supp.1978). Nor did she exhaust her administrative remedies by filing a timely motion for a rehearing of the TEC decision. That decision was not, therefore, a final and appealable decision subject to judicial review in the district court. *Texas State Bd. of Pharmacy v. Kittman,* 550 S.W.2d 104 (Tex.Civ.App.— Tyler 1977, no writ); Tex.Rev.Civ.Stat.Ann. art. 6252–13a, §§ 16(c) and 19(a)–(b) (Supp. 1978).

The judgment of the trial court is reversed and the cause dismissed for lack of jurisdiction.