MOTOROLA, INC., Appellant,

v.

Bob BULLOCK, Comptroller of Public Accounts, et al., Appellees.

No. 12973.

Court of Civil Appeals of Texas, Austin.

Aug. 8, 1979.

Charlie D. Dye, Robert E. Morrison, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

Mark White, Atty. Gen., Diane Van Helden, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

Motorola, Inc., first qualified to do business in Texas as an Illinois corporation in 1971, later formed a wholly owned subsidiary incorporated in Delaware, and thereafter the Illinois corporation was merged with the Delaware corporation, following which Motorola applied to do business in Texas as a Delaware corporation. After the Comptroller of Public Accounts performed audits on both the Delaware and the Illinois corporation, deficiency determinations were issued on March 12, 1976, and March 19, 1976, in the total amount of $97,399.07.

Motorola paid the deficiency assessments on March 30, 1976, accompanied by written protest, the usual procedure required preliminary to bringing suit for recovery of the taxes under Article 1.05, Title 122A, Taxation-General. Motorola failed to bring suit within 90 days after payment and protest under terms of Article 1.05(2), but instead immediately upon payment under protest initiated claim for refund with the Comptroller of Public Accounts under provisions of Article 1.11A.

After hearings before the Comptroller on claim for refund, followed by motions for rehearing, the Comptroller's denial of refund became finally effective on March 9, 1977. Motorola filed suit next day in district court alleging payment of the franchise taxes under protest and its subsequent prosecution of claim for refund, and prayed for recovery of $97,399.07 to be paid "from the suspense fund maintained for that purpose."

The State, acting through the Attorney General, filed a plea to the jurisdiction, along with other answer, on the ground that Motorola failed to file suit within ninety days after payment of the taxes under protest on March 30, 1976, as required by Article 1.05(2), and did not sue until March 10, 1977, more than ninety days after payment under protest.

The district court found (1) that Motorola failed to plead or to show compliance with Article 1.05; (2) that Section 19 of Article 6252–13a, V.A.T.S., does not confer jurisdiction on the courts to entertain appeals from decision of the Comptroller denying claim for refund under Article 1.11A. The court sustained the State's plea to jurisdiction and ordered Motorola's suit dismissed without prejudice.

Motorola brings two points of error under which contention is made that (1) section 19 of Article 6252–13a (Administrative Procedure Act) confers jurisdiction on the courts to entertain appeals from decisions of the Comptroller denying claims for refund of taxes and that (2) Motorola pleaded and showed compliance with Article 1.05 authorizing suits to recover taxes paid under protest. We will overrule the points of error and affirm judgment of the trial court.

After Motorola paid the tax under protest, a requirement under Article 1.05 prior to bringing suit against the State to recover the tax, Motorola turned from that course to pursue a claim before the Comptroller for refund under Article 1.11A. The Legislature enacted Article 1.11A in 1967, to become effective July 1, 1967, as an amendment to Acts of 1959, 56th Leg., 3rd C.S., p. 187, ch. 1, the Act which created the new Title 122A, Taxation-General. The obvious design or purpose of Article 1.11A was to empower the Comptroller, upon his determination, to refund overpayment of certain taxes found to have been paid through mistake of fact or mistake of law, thereby relieving the Legislature of a time consuming burden each session in hearing claims made directly to the lawmakers.

The statute in essential part provides that the Comptroller, when he ". . . determines that any person, firm or corporation has through mistake of law or fact

overpaid the amount due the State on any tax collected or administered by the Comptroller . . . *may refund such overpayment by warrant* . . . from any funds appropriated for such purpose." Art. 1.11A(2). (Emphasis added).

Prior to enactment of Article 1.11A, the Legislature had provided in Article 1.11 that the Comptroller, in the same situation of an overpayment, " . . . *may with the consent of the taxpayer credit* . . . [the taxpayer] overpaying the tax *with the amount of such overpayment.*" Art. 1.11(2). (Emphasis added).

It is too clear to provoke debate that the Legislature intended that the Comptroller would have discretion, upon his determination, as to whether an overpayment had occurred through mistake of fact or law, and the Comptroller is limited under the statute to making refunds of overpayments arising only from mistake of fact or mistake of law.

■■■ The Legislature did not provide for an appeal from the Comptroller's determination in refusing to make refund of taxes. It is the general rule, applicable under the facts of this case, that "There is no right of appeal from an administrative order unless the statute provides for appeal or unless the order violates a constitutional right or adversely affects a vested property right." *Hackney v. Meade,* 466 S.W.2d 341, 342 (Tex.Civ.App. Austin 1971, writ ref'd n. r. e.); *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385 (Tex.Sup.1967). We find in a claim for refund of overpayment of taxes no vested property right, nor do we perceive any constitutional rights adversely affected by the Comptroller's refusal of a refund.

■■■ Motorola contends that section 19 of Article 6252–13a entitles Motorola "to a judicial review of the Comptroller's decision denying . . . claim for refund of franchise taxes." In an earlier case, decided by this Court this year, the contention was made that the Legislature, in section 19

of the Administrative Procedure Act, " . . . clearly thought that it was *expanding the remedies available* to the citizens, and providing a procedure for judicial review in addition to, and as well as, any other preexisting statutory procedures." (Emphasis added). That contention was rejected by this Court in *Dan Ingle, Inc. v. Bullock,* 578 S.W.2d 193 (Tex.Civ.App. Austin 1979, writ ref'd). The same contention was also overruled in *Robinson v. Bullock,* 553 S.W.2d 196 (Tex.Civ.App. Austin 1977, writ ref'd n. r. e.), *cert. denied,* 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759 (1978).

Section 19 of Article 6252–13a, as a procedure statute, insofar as *substantive rights* accorded a litigant are concerned, falls into the same category as the Texas Rules of Civil Procedure promulgated by the Supreme Court. Rule 815 expressly provides that the Rules " . . . shall not be construed to enlarge or diminish any *substantive rights* . . . " and Rule 816 adds that the Rules " . . . shall not be construed to extend or limit the *jurisdiction of the courts* . . . " (All emphasis added).

Motorola argues further that section 19 of Article 6252–13a, being by its own terms " . . . cumulative of other means of redress provided by statute," affords Motorola judicial review of adverse decisions made by the comptroller under Article 1.11A. In this connection Motorola insists that since the courts have held that Article 1.05 is not exclusive, Article 1.11A "provides a remedy which is in addition . . . and that it is entitled to judicial review of the Comptroller's decision on its claim for refund under the provisions of the Administrative Procedure and Texas Register Act."

Section 19(b) explicitly provides that "Unless *otherwise provided by statute* . . . " the procedure shall be as set out following the opening statement. Further exceptions or reservations are found in 19(c) and 19(d) "If the manner of review *authorized by law* . . . " calls for trial *de novo,* or "If the manner of review *authoriz-*

ed by law . . ." calls for other than trial *de novo* ; finally in 19(e) "The scope of judicial review of agency decisions is as provided by *the law under which review is sought.*" (All emphasis added). This Court in *Robinson v. Bullock, supra,* recognized that no real or substantial repugnancy exists between Article 1.05, which grants the taxpayer a *substantive right* and the remedial mode by which to question validity of a tax statute, and the *general procedural route* provided by section 19 under which appeals may be made from adverse rulings of state agencies. (553 S.W.2d 198, col. 1). The Legislature with laudable care sought to avoid conflict between the general procedure outlined in section 19 and any other statute or law, with final specification that the scope of judicial review of agency decisions would follow "the law under which review is sought." Nowhere do we find an attempt to grant a substantive right not provided by other statutes or laws.

Although Article 1.11A limits availability of claims for refunds to payments made through mistake of fact or mistake of law, Motorola did not plead facts occurring under which payment was made by mistake, nor the law or laws bringing about payment by mistake. Motorola attacks the assessment of the franchise tax on both the Illinois and the Delaware corporation as unlawful, confiscatory, and discriminatory. Motorola prayed to recover judgment to be paid "from the suspense fund maintained for that purpose." The suspense fund was authorized by the Legislature for holding in suspense taxes paid under protest pending judicial determination of suits brought pursuant to the procedure established by Articles 7057b and 7047j and more recently by Article 1.05.

The trial court properly declined to entertain this action as an appeal from the Comptroller's decision denying Motorola's claim for refund under Article 1.11A.

▪ Under its second point of error, Motorola makes an alternative contention that the taxpayer fully complied with Article 1.05. Although suit was not brought, as the statute requires, within ninety days after payment of the tax under protest, Motorola argues that under provisions of Article 1.045 the ninety-day period did not begin to run until final determination of Motorola's claim for refund under Article 1.11A. Motorola points out that it filed suit the day after the Comptroller's denial of refund became final, nearly one year following payment of the tax.

Article 1.045 has as its purpose the establishment of limitation periods for the assessment and collection of certain taxes by the Comptroller. Motorola relies on paragraph (E) of the statute dealing with "Suspension of Time for Litigation or Redetermination."

The obvious purpose of paragraph (E) is to prevent the running of limitations on assessment and collection of taxes, as fixed by preceding paragraphs of the Article, pending litigation or redetermination "with respect to the amount of the tax in issue . . . ." The statute does not suspend or nullify the requirement of Article 1.05 that after payment of a tax under protest the taxpayer must file suit within ninety days, if suit for recovery of the tax is to be maintained against the state.

This Court reviewed the history of Article 1.045 in *Lorenzo Textile Mills, Inc. v. Bullock,* 566 S.W.2d 107, 109–10 (Tex.Civ.App. Austin 1978, no writ). In that case we pointed out that the Legislature, in enacting the statute, cited ". . . an urgent need for limiting the time for collection of taxes and limiting time for making refunds for overpayment of taxes so that the Comptroller and taxpayer both need not unduly retain books and records that are not needed . . . ." The suspension of periods fixed by statute in which the taxpayer must file suit following payment of a tax under protest is not provided by Article 1.045.

▪ Article 1.05 created a right not existing at common law and prescribed a

remedy to enforce the right, and the courts may act only in the manner provided by the statute which created the right. *Union Central Life Insurance Co. v. Mann,* 138 Tex. 242, 158 S.W.2d 477, 481 (1941); *Robinson v. Bullock, supra* ; *Dan Ingle, Inc. v. Bullock, supra.* When suit is not commenced within ninety days after the taxes are paid under protest, the courts are without jurisdiction to entertain the suit. *Stelter v. Calvert,* 456 S.W.2d 202 (Tex.Civ.App. Austin 1970, no writ); *Bullock v. Electro-Science Investors, Inc.,* 533 S.W.2d 892 (Tex. Civ.App. Austin 1976, no writ).

The judgment of the trial court sustaining the State's plea to the jurisdiction and dismissing the suit without prejudice is in all things affirmed.