southwest airlines v. tgv 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-151-CV




SOUTHWEST AIRLINES CO.,



 APPELLANT


vs.




TEXAS HIGH-SPEED RAIL AUTHORITY AND TEXAS TGV CONSORTIUM,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 91-11148, HONORABLE PETER M. LOWRY, JUDGE PRESIDING



 




 Appellant Southwest Airlines Co. ("Southwest") appeals from an order of the
district court of Travis County dismissing for lack of jurisdiction Southwest's suit for judicial
review of an order of appellee Texas High-Speed Rail Authority ("the Authority"). We will
affirm the order of dismissal of the district court.

 In 1989, the Legislature established the Authority (1) "to award a franchise to the
private sector to construct, operate, and maintain a high-speed rail facility, if the authority
determines that the award of a franchise is for the public convenience and necessity." Texas
High-Speed Rail Act, Tex. Rev. Civ. Stat. Ann. art. 6674v.2, § 2(b) (West Supp. 1993). 
Appellee Texas TGV Consortium ("Texas TGV") and Texas FasTrac, Inc., (2) filed applications for
a franchise to construct and operate a high-speed rail system. See Act, § 23.

 The Authority granted Southwest party status to intervene in the proceeding before
the agency as a person with a justiciable interest. See Administrative Procedure and Texas
Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 3(5), (6) (West Supp.
1993); 43 Tex. Admin. Code § 85.301--.302 (1993). After a hearing, the Authority, on May 28,
1991, issued its written order awarding the franchise to Texas TGV. Southwest timely filed a
motion for rehearing in the agency, which was overruled by operation of law. See APTRA §
16(e); 43 Tex. Admin. Code § 85.804 (1993). On August 9, 1991, Southwest filed a petition for
judicial review of the agency order in the district court of Travis County.

 The Authority answered and filed a plea to the jurisdiction and a plea in abatement;
Texas TGV filed its petition in intervention asserting similar pleas. By their pleas to the
jurisdiction, appellees asserted that the district court was without jurisdiction because the Act does
not provide for judicial review of Authority decisions and Southwest has no inherent right to
review of the order. Appellees further asserted that Southwest had no standing to complain of the
agency decision. After a hearing, the district court concluded that it was without jurisdiction and
that Southwest had no standing and dismissed the cause. Southwest has perfected its appeal (3) to
this Court from the order of dismissal.

 In its second point of error, Southwest argues that the district court erred in
dismissing the cause for want of jurisdiction. Southwest submits that the district court has
jurisdiction on either of two bases: (1) section 19 of APTRA provides for judicial review of the
Authority order or (2) Southwest has a right to judicial review, apart from any statutory authority,
because it has a property right that the Authority's order affects. The Act itself does not provide
for judicial review of Authority orders, rulings, or decisions.

 No right of judicial review from an administrative order exists unless a statute
provides for review or unless the order violates a constitutional right or adversely affects a
constitutional property right. Stone v. Texas Liquor Control Bd., 417 S.W.2d 385, 385-86 (Tex.
1967); Motorola, Inc. v. Bullock, 586 S.W.2d 706, 708 (Tex. Civ. App.--Austin 1979, no writ);
see Pickell v. Brooks, 846 S.W.2d 421, 425 (Tex. App.--Austin 1992, writ requested); Lopez v.
Public Util. Comm'n, 816 S.W.2d 776, 783 (Tex. App.--Austin 1991, writ denied). Southwest
asserts that section 19(a) provides a right to judicial review of the Authority order: "A person
who has exhausted all administrative remedies available within the agency and who is aggrieved
by a final decision in a contested case is entitled to judicial review under this Act [APTRA]. This
section is cumulative of other means of redress provided by statute." APTRA § 19(a). (4)

 In Motorola, Inc., however, this Court concluded that section 19 of APTRA is a
procedural provision that does not extend or limit the jurisdiction of the courts. Motorola, Inc.,
586 S.W.2d at 708; see Dan Ingle, Inc. v. Bullock, 578 S.W.2d 193, 193-94 (Tex. Civ.
App.--Austin 1979, writ ref'd). Section 19, therefore, does not create a right of judicial review
but instead sets out the procedure for a suit for judicial review authorized pursuant to another
statutory provision. See Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida
II Towers Condominium Ass'n, 706 S.W.2d 644, 646 (Tex. 1986) (APTRA procedure for
institution of administrative appeal controls unless statute provides otherwise); Bullock v. Adickes,
593 S.W.2d 805, 808 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.) (APTRA provides
procedural basis for review of agency action). But see Moore v. Texas Employment Comm'n, 565
S.W.2d 246, 247 (Tex. Civ. App.--Houston [14th Dist.] 1978, no writ) (APTRA allows judicial
review of action for which workers' compensation statute does not). (5)

 Southwest next argues that the Authority's order adversely affects a vested property
right of Southwest. Although Southwest does not explicitly state the argument in due process
terms, we presume Southwest bases its argument on a Fourteenth Amendment due-process
analysis. This analysis begins with a determination whether the state's deprivation of a personal
interest warrants procedural due-process protection. The interest may be either a "core" interest,
such as a liberty or vested property right, or an interest that stems from an independent source,
such as state law. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Perry v. Sinderman,
408 U.S. 593, 601 (1972); Pickell, 846 S.W.2d at 426.

 Southwest asserts that a "core" interest, a vested property right, gives it a right to
judicial review of the agency order. We understand Southwest to base its argument on two
premises: the existence of a certificate from the Civil Aeronautics Board ("CAB") and a right to
protection from illegal competition.

 In its motion for intervention in the agency proceedings, Southwest stated that it
provides air transportation between the cities of Dallas, Houston, San Antonio, and Austin
pursuant to a CAB certificate. See 49 U.S.C. app. § 1371 (1988). Pursuant to 49 U.S.C. app.
§ 1551 (1988), the CAB's route authority ceased to exist effective December 1, 1981. On the
record before this Court, (6) we cannot conclude that the CAB certificate creates a vested property
right on which to base a suit for judicial review. See generally White Top Cab Co. v. City of
Houston, 440 S.W.2d 732, 734-35 (Tex. Civ. App.--Houston [14th Dist.] 1969, no writ).

 Southwest next asserts that it may protect its business from "illegal competition." 
Southwest claims that the Authority awarded the franchise in violation of law and, therefore, any
competition pursuant to the franchise is unlawful. The right to be free from such competition is
the vested property right on which the airline presumably bases its right to judicial review.

 Southwest relies primarily on three cases to support this proposition. See
Brazosport Sav. & Loan Ass'n, 342 S.W.2d at 750; Board of Ins. Comm'rs v. Title Ins. Ass'n,
272 S.W.2d 95, 98 (Tex. 1954); Texas Motor Coaches, Inc. v. Railroad Comm'n, 41 S.W.2d
1074, 1077-78 (Tex. Civ. App.--Austin 1931, no writ). In each of these cases, however, the
interest to be protected was not a general right to be free from illegal competition, but rather a
right or interest that arose from a permit or license granted by or regulation by the agency that
issued the challenged order. To the extent that the cases are correct under current due-process
analysis, a party may seek judicial review, apart from any statutory authority, to protect that right
or interest from illegal competition arising because of agency action. See Pickell, 846 S.W.2d
at 425.

 In contrast, Southwest has not shown this Court that it possesses a vested property
right which it may protect from unlawful competition. Southwest does not hold a franchise from
the Authority and does not assert that the Authority regulates any business of Southwest. We note
that the Authority granted Southwest party status in the agency and that Southwest participated
in the agency hearing. For the foregoing reasons, we overrule point of error two.

 In point of error three, Southwest asserts that the trial court erred in its
determination that the airline did not have standing to pursue the suit for judicial review. Because
we have determined that the trial court did not have jurisdiction over the cause, we do not address
point of error three.

 In point of error one, Southwest asserts that the trial court erred in failing to file
findings of fact and conclusions of law. Southwest timely filed a request for findings of fact and
conclusions of law and a notice of past due findings of fact and conclusions of law. Tex. R. Civ.
P. 296, 297. Generally, the failure to file findings of fact and conclusions of law is error. 
Anzaldua v. Anzaldua, 742 S.W.2d 782, 783 (Tex. App.--Corpus Christi 1987, writ denied); see
Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). The failure is presumed
harmful unless the record "affirmatively shows that the complaining party has suffered no injury." 
Cherne Indus., Inc., 763 S.W.2d at 772; Wagner v. Riske, 178 S.W.2d 117, 120 (Tex. 1944).

 We conclude that the record here affirmatively shows that Southwest did not suffer
any injury from the failure to file findings of fact and conclusions of law. The only evidence
admitted at the hearing in the trial court was the agency record. The district court stated its
conclusions on jurisdiction and standing in the order of dismissal. Nevertheless, Southwest states,
in its brief, that it "has been unable to identify the specific bases of the trial court's reasoning in
dismissing" the case. After consideration of the points of error, we disagree and overrule
Southwest's first point of error.

 The order of dismissal of the district court is affirmed.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: June 9, 1993

[Publish]
1. The Railroad Commission acts as the Authority to exercise the powers conferred under the
Act. Texas High-Speed Rail Act, Tex. Rev. Civ. Stat. Ann. art. 6674v.2, § 3 (West Supp. 1993).
2. Texas FasTrac, Inc. did not seek judicial review of the agency order and is not a party in
this Court.
3. The perfecting instrument included in the transcript is a certificate of cash deposit in lieu
of supersedeas bond. The certificate neither states that the deposit is conditioned as required nor
refers to the costs of the appeal. See Tex. R. App. P. 46, 48. We presume that the cash deposit
is sufficient to secure the costs of appeal and, therefore, that the cash deposit in lieu of
supersedeas bond perfected the appeal. Tex. R. App. P. 47(a).
4. Section 6A of the Act now provides that APTRA applies to all proceedings under the Act. 
Act § 6A. This provision became effective September 1, 1991, after the conclusion of the
proceeding in the agency. Act of August 26, 1991, 72d Leg., 1st C.S., ch. 7, § 4.21(a), 1991
Tex. Gen. Laws 226, 256.
5. Underlying a legislative authorization of the right to judicial review is the doctrine of
governmental immunity: the state as sovereign cannot be sued without its permission. E.g.,
Hosner v. De Young, 1 Tex. 764, 769 (1847); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d
589, 592 (Tex. App.--Austin 1991, writ denied). The doctrine bars suits against the state unless
the state has expressly given its consent to be sued. E.g., Missouri Pac. R.R. v. Brownsville
Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970); Pickell, 846 S.W.2d at 424. A suit against
an agency of the state is considered to be a suit against the state. Lowe v. Texas Tech Univ., 540
S.W.2d 297, 298 (Tex. 1976).
6. The transcript filed in this cause does not include Southwest's answer, if any, to the pleas
to the jurisdiction. The docket sheet indicates that Southwest filed a brief on the jurisdictional
question; however, trial briefs are not properly part of the record on appeal. See Tex. R. Civ.
P. 376a app. para (a); Concrete Constr. Supply, Inc. v. M.F.C., Inc., 636 S.W.2d 475, 483-84
(Tex. App.--Dallas 1982, no writ). The statement of facts filed in this Court includes the argument
of counsel before the trial court. There, Southwest did not expressly argue that the CAB
certificate was a basis for an inherent right to judicial review. Furthermore, Southwest's original
petition includes few, if any, allegations as to its jurisdictional claims. See Lopez, 816 S.W.2d
at 783; Alford v. City of Dallas, 738 S.W.2d 312, 314 (Tex. App.--Dallas 1987, no writ).