**SOUTHWEST AIRLINES CO., Appellant,**

v.

**TEXAS HIGH–SPEED RAIL AUTHORITY and Texas TGV Consortium, Appellees.**

No. 3–92–151–CV.

Court of Appeals of Texas, Austin.

Dec. 15, 1993.

Rehearing Overruled Jan. 26, 1994.

**156**

C. Robert Heath, Thomas M. Pollan, Bickerstaff, Heath & Smiley, L.L.P., Austin, for appellant.

Dan Morales, Atty. Gen., Douglas Fraser, Asst. Atty. Gen., Austin, for Texas High–Speed Rail Authority.

Douglas W. Alexander, Brown McCarroll & Oaks Hartline, Austin, for TGV Consortium.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

The Court's opinion of June 9, 1993, is withdrawn, and this opinion is substituted in its place.

Appellant Southwest Airlines Company appeals from an order of the district court of Travis County dismissing for lack of jurisdiction Southwest's suit for judicial review of an order of appellee Texas High–Speed Rail Authority. We will affirm the district court's order of dismissal.[1]

In 1989, the Legislature established the Authority "to award a franchise to the private sector to construct, operate, and maintain a high-speed rail facility, if the authority determines that the award of a franchise is for the public convenience and necessity." Texas High–Speed Rail Act, Tex.Rev.Civ. Stat.Ann. art. 6674v.2, § 2(b) (West Supp. 1993) [hereinafter Act]. Appellee Texas TGV Consortium and Texas FasTrac, Inc.[2] filed applications for a franchise to construct and operate a high-speed rail system. *See* Act § 23 (West Supp.1993).

The Authority granted Southwest party status to intervene in the proceeding before the agency as a person with a justiciable interest. *See* APA § 2001.003; 43 Tex.Admin.Code §§ 85.301–.302 (Supp.1993–1994). After a hearing, the Authority issued on May 28, 1991, its written order awarding the franchise to Texas TGV. Southwest timely filed a motion for rehearing in the agency, which was overruled by operation of law. *See* APA § 2001.146; 43 Tex.Admin.Code § 85.804 (Supp.1993–1994). On August 9, 1991, Southwest filed a petition for judicial review of the agency order in the district court of Travis County.

The Authority answered and filed a plea to the jurisdiction and a plea in abatement; Texas TGV filed its petition in intervention asserting similar pleas. By their pleas to the jurisdiction, appellees asserted that the district court was without jurisdiction because

---

1. All citations in this opinion are to the current Administrative Procedure Act rather than the former Administrative Procedure and Texas Register Act because the recent codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen.Laws 583, 986; *id.* sec. 1, § 2001.001–.902,

1993 Tex.Gen.Laws at 734–52 (to be codified as Administrative Procedure Act, Tex.Gov't Code Ann. § 2001.001–.902) [hereinafter APA].

2. Texas FasTrac, Inc. did not seek judicial review of the agency order and is not a party to this appeal.

the Act does not provide for judicial review of the Authority's decisions and Southwest has no inherent right to review of the order. Appellees further asserted that Southwest had no standing to complain of the agency decision. After a hearing, the district court concluded that it was without jurisdiction and that Southwest had no standing and dismissed the cause. Southwest has perfected its appeal[3] to this Court from the order of dismissal.

In its second point of error, Southwest argues that the district court erred in dismissing the cause for want of jurisdiction. Southwest submits that the district court has jurisdiction on either of two bases: (1) APA section 2001.171 provides for judicial review of the Authority's order; or (2) Southwest has a right to judicial review, apart from any statutory entitlement, because it has a property right that the Authority's order affects. The Act itself does not provide for judicial review of the Authority's orders, rulings, or decisions.

■ No right of judicial review from the action of an administrative agency exists unless a statute provides for such review, the action violates constitutional procedural due process, or the constitution waives the state's immunity from suit. *See Steele v. City of Houston,* 603 S.W.2d 786, 791 (Tex.1980); *Pickell v. Brooks,* 846 S.W.2d 421, 424–25 & nn. 7–9 (Tex.App.—Austin 1992, writ denied); *cf. Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967); *Motorola, Inc. v. Bullock,* 586 S.W.2d 706, 708 (Tex.Civ.App.—Austin 1979, no writ).[4] Although the reasoning behind this general rule is usually unstated, the rule is a necessary corollary to the doctrine of governmental immunity. *See Pickell,* 846 S.W.2d at 424–25 & nn. 7–9.

■ Absent specific legislative authorization, persons aggrieved by an administrative agency's action have no recourse in the courts due to the first principle of the doctrine of governmental immunity—the state as sovereign cannot be sued without its permission. *E.g., Hosner v. De Young,* 1 Tex. 764, 769 (1847); *Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied). The doctrine bars a suit for judicial review against the state unless the state has expressly given its consent to be sued. *E.g., Missouri Pac. R.R. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 814 (Tex.1970); *Pickell,* 846 S.W.2d at 424. A suit against an agency of the state is considered to be a suit against the state. *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976). The second principle of the doctrine of governmental immunity is that the state has immunity from liability even though the state has consented to be sued. *Missouri Pac. R.R.,* 453 S.W.2d at 813; *Pickell,* 846 S.W.2d at 424; *Dillard,* 806 S.W.2d at 592.

■ In a footnote in its motion for rehearing, Southwest identifies a legislative waiver of immunity from suit—section 10(a) of the Act ("The board may sue and be sued on behalf of the authority.").[5] Act § 10(a) (West Supp.1993). The Act defines the term "board" to mean the board of directors of the Authority. Act § 7(4) (West Supp.1993). The board of directors of the Authority consists of the individuals described in section 4 of the Act. Act § 4 (West Supp.1993).

---

3. The perfecting instrument included in the transcript is a certificate of cash deposit in lieu of supersedeas bond. The certificate neither states that the deposit is conditioned as required nor refers to the costs of the appeal. *See* Tex.R.App.P. 46, 48. We presume that the cash deposit is sufficient to secure the costs of appeal and, therefore, that the cash deposit in lieu of supersedeas bond perfected the appeal. Tex.R.App.P. 47(a).

4. As we stated in *Pickell,* older cases discussing suits for judicial review from the actions of administrative agencies rely primarily on the procedural due-process case of *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951).

*Pickell,* 846 S.W.2d at 425 n. 8. *Hancock's* dicta concerning the existence of a so-called "inherent right to appeal" may be broader than current United States Supreme Court Fourteenth Amendment procedural due-process jurisprudence. *Id.*

5. The supreme court has held that a "sue or be sued" clause in a statute is sufficient legislative consent to waive the state's immunity from suit. *Missouri Pac. R.R.,* 453 S.W.2d at 814. *Contra Jackson v. City of Galveston,* 837 S.W.2d 868, 871 (Tex.App.—Houston [14th Dist.] 1992, writ granted); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 267 (Tex.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Southwest did not sue the board; rather it sued the Authority itself, an action that does not strictly comply with the legislature's limited waiver of governmental immunity from suit. Although the Authority did not specially except to the capacity in which it was sued, the Authority did file a plea to the jurisdiction correctly stating that the Act does not provide for judicial review of decisions of the *Authority*.[6] Southwest did not amend its pleadings in the trial court to join the proper party, and, thus, cannot rely on the Act's limited waiver of immunity from suit.

Southwest asserts that sections 2001.171 and 2001.178 provide a right to judicial review of the Authority's order and presumably a waiver of governmental immunity from suit: "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." APA § 2001.171. "This subchapter is cumulative of other means of redress provided by statute." APA § 2001.178.[7]

■ In *Motorola, Inc.*, however, this Court concluded that former section 19 of APTRA, the predecessor of APA section 2001.171, is a procedural provision that does not extend or limit the jurisdiction of the courts.[8] *Motorola, Inc.*, 586 S.W.2d at 708; *see Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193, 193–94 (Tex.Civ.App.—Austin 1979, writ ref'd); Administrative Procedure and Texas Register Act, 64th Leg., R.S., ch. 61, § 19, 1975 Tex.Gen.Laws 136, 146 (Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 19, since amended and repealed). Section 2001.171, therefore, does not create a right of judicial review by generally waiving the state's immunity from suit, but instead sets out the procedure for a suit for judicial review authorized pursuant to another statutory provision. *See Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644, 646 (Tex.1986) (APTRA procedure for institution of administrative appeal controls unless statute provides otherwise); *Bullock v. Adickes*, 593 S.W.2d 805, 808 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.) (APTRA provides procedural basis for review of agency action). *But see Moore v. Texas Employment Comm'n*, 565 S.W.2d 246, 247 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ) (APTRA allows judicial review of action for which workers' compensation statute does not).

**6.** As is the usual practice in suits for judicial review, the Authority filed a plea to the jurisdiction as opposed to pleading the affirmative defense of governmental immunity.

We are aware that the supreme court has held that the defense of governmental immunity from *liability* is waived if it is not affirmatively pleaded. *Davis v. City of San Antonio*, 752 S.W.2d 518 (Tex.1988); Tex.R.Civ.P. 94. If immunity from suit is not at issue, however, it logically follows that immunity from liability must be affirmatively pleaded because immunity from liability is not a *jurisdictional* issue:

It is well settled that so long as the state is engaged in making or enforcing laws, or in the discharge of any other governmental function, it is to be regarded as a sovereign, and has prerogatives which do not appertain to the individual citizen; *but when it becomes a suitor in its own courts*, or a party to a contract with a citizen, *the same law applies to it as under like conditions governs the contracts of an individual.*

*Fristoe v. Blum*, 92 Tex. 76, 45 S.W. 998, 999 (1898) (emphasis added). Because the Authority filed a plea to the jurisdiction and thus alerted Southwest to its defense, we need not decide whether the dicta in *Davis* precludes this Court or the trial court from raising sua sponte the jurisdictional question of immunity from *suit* absent an affirmative defense on that issue. *Cf. Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993) (holding that lack of subject-matter jurisdiction is fundamental error).

**7.** Section 6A of the Act now provides that APTRA (now the APA) applies to all proceedings under the Act. Act § 6A (West Supp.1993). This provision became effective September 1, 1991, after the conclusion of the proceeding in the agency. Act of Aug. 26, 1991, 72d Leg., 1st C.S., ch. 7, § 4.21(a), 1991 Tex.Gen.Laws 226, 256.

**8.** In its motion for rehearing, Southwest argues that the rationale for *Motorola* was silently based on the restricted jurisdiction of the district court that existed before the 1985 constitutional and statutory amendments which expanded the district court's jurisdiction. *See* Tex. Const. art. V, § 8 (1891, amended 1973 and 1985); Revised Statutes, 39th Leg., R.S., § 1, art. 1906, 1925 Tex.Rev.Civ.Stat. 2, 527 (repealed 1985). Even if *Motorola* were based on the district court's lack of jurisdiction due to the state's immunity from suit as well as its lack of subject-matter jurisdiction, the expansion of the district court's general jurisdiction does not eliminate the jurisdictional matter of the state's immunity from suit.

■ Southwest next argues that it has a right to judicial review because the Authority's order adversely affects a vested property right of Southwest. Although Southwest does not explicitly state the argument in due-process terms, we presume Southwest bases its argument on a Fourteenth Amendment due-process analysis. This analysis begins with a determination whether the state's deprivation of a personal interest warrants procedural due-process protection. The interest may be either a "core" interest, such as a liberty or vested property right, or an interest that stems from an independent source, such as state law. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sinderman*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Pickell*, 846 S.W.2d at 426.

Southwest asserts that a "core" interest, a vested property right, gives it a right to judicial review of the agency order. We understand Southwest to base its argument on two premises: the existence of a certificate from the Civil Aeronautics Board ("CAB") and a right to protection from illegal competition.

■ In its motion for intervention in the agency proceedings, Southwest stated that it provides air transportation between the cities of Dallas, Houston, San Antonio, and Austin pursuant to a CAB certificate. *See* 49 U.S.C. app. § 1371 (1988). The CAB's route authority, however, ceased to exist effective December 1, 1981. 49 U.S.C. app. § 1551 (1988). On the record before this Court,[9] we cannot conclude that the CAB certificate creates a vested property right on which to base a suit for judicial review. *See generally White Top Cab Co. v. City of Houston*, 440 S.W.2d 732, 734–35 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

Southwest next asserts that it may protect its business from "illegal competition." Southwest claims that the Authority awarded the franchise in violation of law and, therefore, any competition pursuant to the franchise is unlawful. The right to be free from such competition is the vested property right on which the airline presumably bases its right to judicial review.

■ Southwest relies primarily on three cases to support this proposition. *Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n*, 161 Tex. 543, 342 S.W.2d 747, 750 (1961); *Board of Ins. Comm'rs v. Title Ins. Ass'n*, 153 Tex. 574, 272 S.W.2d 95, 98 (1954); *Texas Motor Coaches, Inc. v. Railroad Comm'n*, 41 S.W.2d 1074, 1077–78 (Tex. Civ.App.—Austin 1931, no writ). In each of these cases, however, the interest to be protected was not a general right to be free from illegal competition, but rather a right or interest that arose from a permit or license granted by or regulation by the agency that issued the challenged order. To the extent that the cases are correct under current United States Supreme Court Fourteenth Amendment procedural due-process jurisprudence, a party may seek judicial review, apart from any statutory authority, on the narrow issue of whether procedural due process has been violated, but a party may not bootstrap other claims to the due-process claim. *Pickell*, 846 S.W.2d at 425. A procedural due-process requirement of notice and hearing does not necessarily abrogate the state's immunity from suit and immunity from liability. *Id.; see Daniels v. Williams*, 474 U.S. 327, 333–35 & n. 3, 106 S.Ct. 662, 666–67 & n. 3, 88 L.Ed.2d 662 (1986). A plaintiff can receive adequate procedural due process in the form of notice and a hearing that results in a dismissal on the ground of governmental immunity.

9. The transcript filed in this cause does not include Southwest's answer, if any, to the pleas to the jurisdiction. The docket sheet indicates that Southwest filed a brief on the jurisdictional question; however, trial briefs are not properly part of the record on appeal. *See* Tex.R.Civ.P. 376a app. para. (a); *Concrete Constr. Supply, Inc. v. M.F.C., Inc.*, 636 S.W.2d 475, 483–84 (Tex.App.— Dallas 1982, no writ). The statement of facts filed in this Court includes the argument of counsel before the trial court. There, Southwest did not expressly argue that the CAB certificate was a basis for an inherent right to judicial review. Furthermore, Southwest's original petition includes few, if any, allegations as to its jurisdictional claims. *See Lopez v. Public Util. Comm'n*, 816 S.W.2d 776, 783 (Tex.App.—Austin 1991, writ denied); *Alford v. City of Dallas*, 738 S.W.2d 312, 314 (Tex.App.—Dallas 1987, no writ).

▮ Southwest has not shown this Court that it possesses a vested property right which it may protect from unlawful competition. Southwest does not hold a franchise from the Authority and does not assert that the Authority regulates any business of Southwest. We note that the Authority granted Southwest party status in the agency and that Southwest participated in the agency hearing. For the foregoing reasons, we overrule point of error two.

In point of error three, Southwest asserts that the trial court erred in its determination that the airline did not have standing to pursue the suit for judicial review. Because we have determined that the trial court did not have jurisdiction over the cause, we do not address point of error three.

▮ In point of error one, Southwest asserts that the trial court erred in failing to file findings of fact and conclusions of law. Southwest timely filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. Tex.R.Civ.P. 296, 297. Generally, the failure to file findings of fact and conclusions of law is error. *Anzaldua v. Anzaldua,* 742 S.W.2d 782, 783 (Tex.App.—Corpus Christi 1987, writ denied); *see Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). The failure is presumed harmful unless the record "affirmatively shows that the complaining party has suffered no injury." *Cherne Indus., Inc.,* 763 S.W.2d at 772; *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 120 (1944).

▮ We conclude that the record here affirmatively shows that Southwest did not suffer any injury from the failure to file findings of fact and conclusions of law. The only evidence admitted at the hearing in the trial court was the agency record. The district court stated its conclusions on jurisdiction and standing in the order of dismissal. Nevertheless, Southwest states in its brief that it "has been unable to identify the specific bases of the trial court's reasoning in dismissing" the case. After consideration of the points of error, we disagree and overrule Southwest's first point of error.

We have considered Southwest's motion for rehearing, and it is overruled. Accordingly, the order of dismissal of the district court is affirmed.