## TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
### Appellant,

v.

**Jeannie MILLER, Individually and as Representative of the Estate of Clyde Edwin Miller, III, Deceased, and as Next Friend of Yvette Anne Miller, Stephanie Marie Miller, Clyde Edwin Miller, IV, and Nathan Bryan Miller, Minor Children, Appellees.**

No. 01–99–00259–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1999.

---

2.  *Slip op.* at 6

Michael Deponte, Asst. Atty. Gen.-Law Enforcement Defense Div., John Cornyn, Atty. Gen. of Tex., Richard D. Naylor, Asst. Atty. Gen., Austin, for Appellant.

Robert D. Green, Green & Barton, L.L.P., Houston, for Appellee.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.[1]

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

NUCHIA, Justice.

This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction based on sovereign immunity filed by appellant, the Texas Department of Criminal Justice (TDCJ). In a single issue, TDCJ contends that the trial court erred in denying the plea. We affirm.

## BACKGROUND

This is a medical negligence claim arising out of the care and treatment provided to Clyde Edwin Miller, III, formerly an inmate of TDCJ in Huntsville, Texas. On or about August 24, 1994, Miller, while an inmate at TDCJ, became ill. Miller was taken to TDCJ's health clinic complaining of nausea and severe headaches. While at TDCJ, Miller was given pain medications, intravenous fluids, electrolytes, anti-vomit medications, and ice-packs to help relieve his pain and vomiting. Appellees allege that Dr. Chaney, the physician in charge and an employee of the University of Texas Medical Branch (UTMB), failed to adequately evaluate Miller in a timely manner, which resulted in the doctor's missing a diagnosis of meningitis. Miller's health subsequently deteriorated; he was hospitalized; and he died on September 28, 1994.

Appellees filed this lawsuit, alleging: (1) the lawsuit was brought pursuant to the Texas Tort Claims Act, chapters 101 and 104; (2) appellant had actual notice of the claim; (3) appellant misused equipment and tangible property, i.e., medications, fluids, fever detecting equipment, and clinical facilities and equipment; and (4) Dr. Chaney was an agent and/or employee of TDCJ.

## DISCUSSION

### Jurisdiction of This Court

Appellees challenge this Court's jurisdiction to hear this appeal, contending that TDCJ is appealing the denial of its motion for summary judgment.

The order of the trial court from which this appeal is taken specifically states, "ORDERED, ADJUDGED and DE-CREED that Defendant Texas Department of Criminal Justice's Amended Plea to the Jurisdiction or, in the alternative, Motion for Summary Judgment be and is hereby in all things DENIED." TDCJ's notice of interlocutory appeal states that the appeal is taken from the order denying TDCJ's "amended plea to the jurisdiction based on sovereign immunity."

Section 51.014 of the civil practice and remedies code specifically allows the appeal of various interlocutory orders, including an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). This Court has jurisdiction of this appeal under section 51.014(a)(8).

We overrule appellees' challenge to the jurisdiction.

### Plea to the Jurisdiction and Standard of Review

■ The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A plea to the jurisdiction is appropriate whenever a governmental unit believes that the trial court lacks subject matter jurisdiction. *Texas Dept. of Transp. v. Jones*, 983 S.W.2d 90, 91–92 (Tex.App.—Corpus Christi 1998, no pet.). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d

736, 739 (Tex.App.—Austin 1994, writ denied). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *Texas Ass'n of Business*, 852 S.W.2d at 446. Whether a trial court has subject matter jurisdiction is a question of law and is reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

### Sovereign Immunity

▮ Sovereign immunity has two component parts—immunity from suit and immunity from liability. *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from suit is jurisdictional. *See Southwest Airlines Co. v. Texas High–Speed Rail Authority*, 867 S.W.2d 154, 158 n. 6 & n. 7 (Tex.App.—Austin 1993, writ denied). When a lawsuit is brought against the State without legislative consent, a plea to the jurisdiction is the proper vehicle to assert immunity. *See State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (1961).

▮▮ Sovereign immunity from liability is an affirmative defense. *See Davis v. City of San Antonio*, 752 S.W.2d 518, 519 (Tex.1988). As with any affirmative defense, immunity from liability may be waived if it is not affirmatively pleaded. *Davis*, 752 S.W.2d at 519. Immunity from liability is, therefore, not a jurisdictional issue, and a plea to the jurisdiction is not the appropriate vehicle by which to challenge immunity from liability. *See Jones*, 983 S.W.2d at 91–92.

### Analysis

▮ In this case, TDCJ's plea to the jurisdiction was based on its claim of sovereign immunity. TDCJ asserts on appeal that the trial court erred in denying its plea to the jurisdiction because the appellee did not establish that (1) Dr. Chaney was an employee of the Texas Department of Criminal Justice, (2) the injury was the result of the use of tangible property, or (3) appellee gave proper notice as required under the Texas Tort Claims Act. Because appellees' claim is made pursuant to the Texas Tort Claims Act, it is a claim for which the legislature has granted consent to sue the State. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (Vernon 1997 & Supp.1999). Therefore, any claim of immunity by TDCJ must necessarily be a claim to immunity from liability, over which the trial court has jurisdiction. If TDCJ's claims above are meritorious, an issue on which we express no opinion, that would have to be decided on a motion for summary judgment.

The trial court properly denied appellant's plea to the jurisdiction.

We affirm the order of the trial court.