**TEXAS STATE BOARD OF PHARMACY, Appellant,**

v.

**Wallace C. KITTMAN, Appellee.**

**No. 1041.**

Court of Civil Appeals of Texas, Tyler.

March 31, 1977.

Robert W. Gauss, Asst. Atty. Gen., Austin, for appellant.

Charles E. Huebner, Houston, for appellee.

MOORE, Justice.

This is an appeal by the State Board of Pharmacy from a temporary injunction restraining the enforcement of an order issued by the Board. The controversy originated as a result of an administrative order issued by the appellant, State Board of Pharmacy (Board), levying a fine of $2,500.00 against appellee, Wallace C. Kittman, and suspending his license to practice pharmacy for a period of two years all of which was probated except for a period of thirty days. The record reveals that the Board held a hearing on November 30, 1976, at which time the Board found appellee guilty of all ten charges brought against him. The order of suspension was entered on December 7, 1976. Appellee did not file a motion for rehearing. On December 23, 1976, appellee instituted the present suit in the District Court of Sabine County, Texas, in the form of an appeal seeking to set aside the Board's order. Ancillary to the suit appellee sought a temporary injunction suspending the Board's order pending final judgment in the main suit. The Board resisted the action with a plea to the jurisdiction alleging that the court was without jurisdiction because appellee had failed to exhaust his administrative remedies by failing to file a motion for rehearing on the Board's order as required by Section 16(e) of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Act). After a hearing on appellee's application for injunctive relief the trial court denied the Board's motion to dismiss for want of jurisdiction and entered an order temporarily enjoining the Board from enforcing its order pendente lite. From such ruling and judgment the Board perfected this appeal.

We reverse and dismiss.

By a single point of error, the Board contends that the trial court erred in granting the temporary injunction because the District Court acquired no jurisdiction over the attempted appeal from the order of the Board. The Board takes the position that under the provisions of the Administrative Procedure Act, supra, a motion for rehearing is a prerequisite to an appeal from the Board's order and since no such motion was filed the trial court was without jurisdiction. In reply appellee takes the position that a motion for rehearing was not required because, he contends, his right of appeal is governed solely by the Texas Pharmacy Act, Tex.Rev.Civ.Stat.Ann. art. 4542a, sec. 12(i) as amended in 1943, reading as follows:

"Revocation, cancellation, or suspension of a license shall be only after ten (10) days notice and a full hearing. Any person whose license to practice pharmacy has been refused, revoked, or suspended by the Board may, within twenty (20) days after the effective date of the order,

decision, or ruling of the Board, take an appeal to any of the District Courts where said applicant resided at the time the offense was committed which resulted in the Board's action refusing, revoking, or suspending said license."

The Administrative Procedure Act which became effective on January 1, 1976, recites that the purpose of its enactment was to provide a "uniform practice and procedure for state agencies." As defined therein, the Board is a state agency. The pertinent appeal provisions of the Act relating to the procedure in appealing from administrative orders are as follows:

(1) Section 16(c).

"A decision is final, in the absence of a timely motion for rehearing, on the expiration of the period for filing a motion for rehearing, and is final and appealable on the date of rendition of the order overruling the motion for rehearing, or on the date the motion is overruled by operation of law. . . ."

(2) Section 16(e)

". . . *a motion for rehearing is a prerequisite to an appeal.* A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order. . . ." (Emphasis supplied.)

(3) Section 19(a)–19(b)

"(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by Statute.

"(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable. . . ."

Prior to the enactment of the Administrative Procedure Act, provisions for appeal were included in practically all laws regulating the various state agencies. It is therefore significant that when the Administrative Procedure Act was passed the legislature included the following repealer clause, to-wit:

"Chapter 274, Acts of the 57th Legislature, Regular Session, 1961, as amended (Article 6252–13, Vernon's Texas Civil Statutes), and all other laws and parts of laws in conflict with this Act are repealed.".

The record clearly shows that this is an appeal from the Board's order and not a direct attack thereon. Therefore the narrow question presented for determination in this case is whether, under existing law, a motion for rehearing is a prerequisite to the appellate jurisdiction of the District Court in an appeal from a ruling issued by the State Board of Pharmacy. The problem appears to be one of first impression. We hold that a motion for rehearing is now a prerequisite to an appeal.

■ As we interpret the language of the Administrative Procedure Act, the legislative intent is clear and unambiguous. It clearly appears that the legislature intended for the motion for rehearing to be an integral part of the administrative procedure and the failure to file the motion amounts to a failure to exhaust the administrative remedy. Section 16(c) provides that a decision becomes final and *not* appealable in the absence of a timely motion for rehearing. Section 16(e) makes a motion for rehearing "a prerequisite to an appeal." Section 19(a) allows judicial review only after all administrative remedies are exhausted.

■ It is a settled rule of statutory interpretation that statutes which deal with the same general subject or have the same general purpose are considered to be in pari materia and will be taken, read and construed together as though they were parts of one and the same law. The purpose of the pari materia rule is to carry out the full legislative intent. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy and are intended to be consistent in their several parts and provisions. 53 Tex. Jur.2d Statutes sec. 186, pp. 280–284. An act which is later in point of time controls or supersedes an earlier act, insofar as the

two are inconsistent and irreconcilable and cannot both stand at the same time. *State v. Easley,* 404 S.W.2d 296 (Tex.1966); *Commercial Std. Fire & Marine Co. v. Commissioner of Ins.,* 429 S.W.2d 930, 933 (Tex.Civ. App., Austin 1968, no writ); See 53 Tex. Jur.2d Statutes, sec. 101, p. 149.

■ The Administrative Procedure Act constitutes the latest legislative expression concerning the procedure to be followed in appealing from an order of a state agency. The procedure required for an appeal to the District Court is set forth in detail. Thus it appears that the legislature clearly intended to supersede the appeal provisions of the Pharmacy Act and add the requirement of a motion for rehearing as a prerequisite to an appeal. Once the provisions of the Administrative Procedure Act became effective, the appeal provisions of the Pharmacy Act became inconsistent with the legislative mandate requiring a motion for rehearing. Consequently, to the extent of the inconsistency, the former appeal provisions were repealed and superseded by the later act.

■ We cannot agree with appellee's contention that because Section 19(a) of the Act provides such Section shall be ". . cumulative of other means of redress provided by statute," he is entitled to perfect an appeal under the provisions of the Pharmacy Act without the necessity of filing a motion for rehearing. Section 19(a) does not provide that the provisions thereof shall be cumulative of the requirements for appeal provided by other statutes regulating state agencies. It specifically says that such section shall be "cumulative" of other means of redress. The cumulative provision merely means that upon a judicial review the appealing party shall be afforded not only the right to challenge the order of a state agency on the grounds specified in Section 19(a), but also shall have a right to challenge the order on any other grounds provided by other statutes. For this reason the Administrative Procedure Act cannot be construed as cumulative of the appeal provisions set forth in the Pharmacy Act.

■ Where, as here, the legislature has provided an aggrieved party with a mandatory procedure to obtain a review of a ruling by a state agency, the doctrine of exhaustion of administrative remedies requires that resort must first be had to such procedure before the courts will entertain jurisdiction. *Texas State Bd. of Pharmacy v. Walgreen Texas Co.,* 520 S.W.2d 845, 848 (Tex.Civ.App., Austin 1975, writ ref'd n. r. e.); *Ector County Independent School Dist. v. Hopkins,* 518 S.W.2d 576, 579 (Tex.Civ. App., El Paso 1974, no writ); *Terry County Airport Bd. v. Clark,* 378 S.W.2d 932, 933 (Tex.Civ.App., Amarillo 1974, no writ); see 1 Tex.Jur.2d Administrative Law, etc. sec. 37, p. 677; But see *Cummins v. Board of Trustees of Eanes Independent School Dist.,* 468 S.W.2d 913, 916 (Tex.Civ.App., Austin 1971, no writ).

■ It is undisputed that the proceeding before the Board was a "contested case" as defined by the Act. It is likewise undisputed that appellee did not file a motion for rehearing within the time provided for by the Act. The trial court therefore acquired no jurisdiction and since the trial court had no jurisdiction, this court has none.

Accordingly, the judgment of the trial court is reversed and the cause is dismissed.