

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

,001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 30, 1983

Mr. Alvin J. Barnes
Red River Authority of Texas
302 Hamilton Building
Wichita Falls, Texas    76301

Opinion No.  JM-120

Re:  Status of the Red River
Industrial Development Authority
under the Open Records Act

Dear Mr. Barnes:

The Development Corporation Act of 1979, article 5190.6, V.T.C.S., was amended in 1983 by the inclusion of sections 11(b) and 14A which purport to specifically bring within the ambit of both the Open Meetings Act, article 6252-17, V.T.C.S., and the Open Records Act, article 6252-17a, V.T.C.S., non-profit industrial development corporations formed pursuant to the act.  Acts 1983, 68th Leg., ch. 464, §§4, 5, at 2685-2686.  Section 11(b) of the act now reads:

> The board of directors is subject to the open meetings act, Chapter 271, Acts of the 60th Legislature, Regular Session, 1967, as amended (article 6252-17, Vernon's Texas Civil Statutes).

Section 14A now reads as follows:

> The board of directors is subject to the open records act, Chapter 424, Acts of the 63rd Legislature, Regular Session 1973, as amended (article 6252-17a, Vernon's Texas Civil Statutes).

You ask four questions regarding the effect of the recent amendments. We address each of your questions in turn.

You first ask whether industrial development corporations must comply with the Open Meetings Act, article 6252-17, V.T.C.S.  You assert that, since the Open Meetings Act requires compliance only by "governmental bodies," industrial development corporations fall without the ambit of the act because industrial development corporations are not "governmental bodies." We disagree. We need not address whether an industrial development corporation is a "governmental body" for purposes of the Open Meetings Act in order to answer your question. In an instance in which a general statute and a specific statute conflict, the specific controls over the general.

Sam Bassett Lumber Company v. City of Houston, 198 S.W.2d 879, 881 (Tex. 1947); State v. Balli, 190 S.W.2d 71 (Tex. 1944), cert. denied, 328 U.S. 852 (1946), rehearing denied, 328 U.S. 880 (1946). Whether an industrial development corporation is a "governmental body" is irrelevant; it is clear that the legislature intends that, at least for purposes of the Open Meetings Act, it shall be so considered. As the Texas Supreme Court declared:

> The language [of the statute] appears to be plain
> and unambiguous and its meaning clear and obvious.
> We can only enforce the statute as written and
> have no right to create or to find an ambiguity
> where non exists . . . .

Col-Tex Refining Company v. Railroad Commission of Texas, 240 S.W.2d 747, 750 (Tex. 1951). We are obliged to interpret the statute in a way which expresses only the will of the makers of the statute, not forced or strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain. Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); Texas Highway Commission v. El Paso Building and Construction Trades Council, 234 S.W.2d 857, 863 (Tex. 1950). Accordingly, we conclude that, by the amendments to article 5190, V.T.C.S., set forth in Acts 1983, Sixty-eighth Legislature, chapter 464, sections 4 and 5 at 2685-2686, the legislature intended that industrial development corporations created pursuant to the Industrial Development Corporation Act be considered "governmental bodies" for purposes of the Open Meetings Act.

You next ask in which location or locations should such corporations post notice of meetings under the Open Meetings Act. The recent amendments offer us no guidance. The Open Meetings Act at article 6252-17, section 3A, V.T.C.S., sets forth the notice requirements of the act and lists various types of political subdivisions and the locations where they must post notices. No mention is made of industrial development corporations.

We are required to interpret a statute so as to ascertain and give effect to the legislative intent therein expressed, Knight v. International Harvester Credit Corporation, 627 S.W.2d 382, 384 (Tex. 1982); State v. Terrell, 588 S.W.2d 784, 786 (Tex. 1979). We must consider the history of the subject matter involved, the end to be attained, the mischief to be remedied, and the purpose to be accomplished. Calvert v. Fort Worth National Bank, 356 S.W.2d 918, 921 (Tex. 1962); Magnolia Petroleum Company v. Walker, 83 S.W.2d 929, 934 (Tex. 1935). Clearly, the legislature intended that, at least for purposes of the Open Meetings Act, industrial development corporations are considered to be "governmental bodies." Such corporations are created with the approval of and act on behalf of political

subdivisions.   Section 4(a) of article 5190.6, V.T.C.S., provides as follows:

> Any number of natural persons, not less than three, each of whom is at least 18 years of age and a qualified elector of the unit may file with the governing body of a unit a written application requesting that the unit <u>authorize and approve creation of a corporation to act on behalf of the unit . . . .</u>  If the governing body by appropriate resolution finds and determines that it is advisable that the corporation be authorized and created and approves the articles of incorporation proposed to be used in organizing the corporation, then the articles of incorporation for the corporation may be filed as hereinafter provided . . . .  <u>No corporation may be formed unless the unit has properly adopted a resolution as herein described.</u>  (Emphasis added).

The act defines "unit" to mean "a city, county, or district which may create and utilize a corporation."  V.T.C.S. art. 5190, §2(12).   In order to properly effectuate the apparent intention of the legislature in adopting the recent amendments, we conclude that an industrial development corporation must file notice of meetings under the Open Meetings Act in the same manner and in the same location as the political subdivision whose approval is required and on whose behalf the corporation is created.

You next ask whether the boards of directors of such corporations are now precluded from taking official action by means of unanimous consent without holding a meeting on the subject, a power specifically granted to industrial development corporations by section 14(c) of the act.  We conclude that they are.

Section 14(c) of article 5190.6, V.T.C.S., provides the following:

> Any action required by this Act to be taken at a meeting of the directors of a corporation or any action which may be taken at a meeting of the directors may be taken without a meeting if a consent in writing, setting forth the action to be taken, shall be signed by all of the directors. Such consent shall have the same force and effect as a unanimous vote and may be stated as such in any articles or document filed with the secretary of state under this Act.

An act which is later in point of time controls or supersedes an earlier act, insofar as the two are inconsistent and irreconcilable and cannot both stand at the same time. Texas State Board of Pharmacy v. Kittman, 550 S.W.2d 104, 106 (Tex. Civ. App. - Tyler 1977, no writ); Halsell v. Texas Water Commission, 380 S.W.2d 1 (Tex. Civ. App. - Dallas 1964, writ ref'd n.r.e.). If statutes have conflicting provisions, the earlier statute will be held to be repealed only to the extent of the conflict and otherwise will be construed as remaining in effect. Bank of Texas v. Childs, 615 S.W.2d 810, 814 (Tex. Civ. App. - Dallas 1981, writ ref'd n.r.e.).

Section 14(c) of article 5190.6, V.T.C.S., which permits boards of directors of industrial development corporations to take official action without a meeting if a consent in writing, setting forth the action to be taken is signed by all of the directors, is in direct and irreconcilable conflict with section 2(a) of article 6252-17, V.T.C.S., the Open Meetings Act, which requires that every regular, special, or called meeting of every unit falling within the ambit of the act shall, unless otherwise provided in the Open Records Act or permitted by the constitution, be open to the public. Because the recent amendment bringing industrial development corporations within the purview of the Open Records Act is the provision adopted later in time, this is the provision to which we are obligated to give effect. Accordingly, we conclude that boards of directors of industrial development corporations are precluded from taking official action without a meeting as permitted by section 14(c) of the act.

You finally ask whether industrial development corporations must comply with the requirements of the Open Records Act, article 6252-17a, V.T.C.S. We conclude that they do. You assert here, as you did with respect to your first question, that an industrial development corporation is not a "governmental body" under the definition set forth in the Open Records Act. For the reasons discussed and by virtue of the authorities cited above in answer to your first question, we disagree. We conclude that the legislature intended that industrial development corporations created pursuant to the Industrial Development Act of 1979, article 5190.6, V.T.C.S., be considered "governmental bodies" for purposes of the Open Records Act.

### S U M M A R Y

Industrial Development Corporations created pursuant to article 5190.6, V.T.C.S., are considered to be. "governmental bodies" for purposes of the Open Meetings Act, article 6252-17, V.T.C.S. An industrial development corporation must file notice of meetings as required by the Open Meetings Act in the same manner and in the same location as the political

subdivision whose approval is required and on whose behalf the corporation is created. Boards of directors of industrial development corporations are precluded from taking official action without a meeting held in compliance with the Open Meetings Act; section 14(c) of article 5190.6, V.T.C.S., is impliedly repealed. Boards of directors of industrial development corporations created pursuant to article 5190.6, V.T.C.S., are considered to be "governmental bodies" for purposes of the Open Records Act, article 6252-17a, V.T.C.S.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton