Honorable Erwin W. Barton Chairman Human Services Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769-2910
Re: Whether section 102.51 of the Alcoholic Beverage Code imposes a territorial limitation on the resale of beer by persons who purchase from general distributors (RQ-2151)
 See also DM-5A (Clarification)
Dear Representative Barton:
You ask about the territory in which a local beer distributor may resell beer that the local distributor purchased from a general beer distributor. Your question requires an interpretation of both section 102.51 and section 102.52 of the Alcoholic Beverage Code. Section 102.51 provides in part:
 (a) Each holder of a manufacturer's or nonresident manufacturer's license shall designate territorial limits in this state within which the brands of beer the licensee manufactures may be sold by general, local, or branch distributor's licensees.
 (b) Each holder of a general, local, or branch distributor's license shall enter into a written agreement with each manufacturer from which the distributor purchases beer for distribution and sale in this state setting forth the sales territory within which each brand of beer purchased by that distributor may be distributed and sold. No holder of a general, local, or branch distributor's license shall make any sales of any brand of beer outside the sales territory specified in the written agreement.
Section 102.52 provides as follows:
 (a) Nothing in Section 102.51 of this code limits or alters the right of a holder of a general, local, or branch distributor's license to sell beer to any other holder of a general, local, or branch distributor's license, except that a distributor who has purchased beer from another distributor may distribute and sell the beer only within a territory for which the manufacturer of the brand has designated that it may be sold by a distributor.
 (b) A holder of a general, local, or branch distributor's license may not purchase, possess, transport, or sell any brand of beer outside of the county in which the distributor's licensed premises are located unless the distributor has a written assigned territory from the holder of a manufacturer's or nonresident manufacturer's license covering that brand of beer.
You interpret sections 102.51 and 102.52 to mean that local distributors are "required to limit beer distribution to the territories of the General Distributors from whom they purchase the beer." See generally Alco. Bev. Code sections 64.01, 66.01 (holder of general distributor's license or branch distributor's license may sell beer to and receive beer from general, local, or branch distributors). You also inform us that some local distributors have taken the position that those provisions permit them to resell a particular brand in any part of the state in which the manufacturer permits the sale of that brand. We think that both of those interpretations are incorrect. The statutes make clear that a local distributor may distribute a particular brand of beer only in the territory assigned to the local distributor by the manufacturer, regardless of whether the local distributor purchased the beer directly from the manufacturer or from another distributor.
In response to your suggestion that a local distributor may resell a brand of beer purchased from a general distributor in the territory assigned to the general distributor, we note that subsection (b) of section 102.51 states that a holder of a local distributor's license may not "make any sales of any brand of beer outside the sales territory specified in the written agreement." Nothing in that language suggests that the territorial limitation applies only to beer a distributor purchases directly from a manufacturer. Further, subsection (b) of section 102.52 states that a holder of a local distributor's license may not sell any brand of beer outside the county of the distributor's licensed premises "unless the distributor has a written assigned territory from the holder of a manufacturer's or nonresident manufacturer's license covering that brand of beer." Those provisions clearly disallow the possibility that a local distributor can expand his assigned territory for a brand of beer by purchasing beer from a general distributor rather than a manufacturer.
Those provisions also negate the local distributors' suggestion that a local distributor who purchases a brand of beer from a general distributor, rather than a manufacturer, may sell that beer in any territory in which that brand may be sold by any distributor. Subsection (a) of section 102.52 does contain a clause stating that "a distributor who has purchased beer from another distributor may distribute and sell the beer only within a territory for which the manufacturer of the brand has designated that it may be sold by a distributor." Standing alone, that language might support the local distributors' suggestion. That interpretation is, however, in direct conflict with subsection (b) of section 102.51 and subsection (b) of section 102.52, both of which limit a local distributor's authority to sell beer to the territory assigned to the local distributor by the manufacturer. Since subsection (b) of section 102.51 and subsection (b) of section 102.52 were both enacted later than subsection (a) of section 102.52, those provisions prevail. Texas State Board of Pharmacy v. Kittman, 550 S.W.2d 104
(Tex.Civ.App.-Tyler 1977, no writ) (when statutes conflict, later-enacted prevails); see Acts 1983, 68th Leg., ch. 959, at 5229 (amending subsection (b) of section 102.51); Acts 1979, 66th Leg., ch. 33, at 55 (adding subsection (b) to section 102.52); Acts 1975, 64th Leg., ch. 20, section 1, at 41 (adding substance and basic language of section 102.52(a)). In conclusion, a local distributor may sell a brand of beer only in the territory assigned to him by the manufacturer of that brand, regardless of whether the local distributor purchased the beer from the manufacturer or from another distributor.
 SUMMARY
A local beer distributor may resell a particular brand of beer that he purchases from a general distributor only in the territory in which the local distributor is authorized by the manufacturer to sell that brand.
Very truly yours,
 DAN MORALES Attorney General of Texas
 WILL PRYOR First Assistant Attorney General
 MARY KELLER Executive Assistant Attorney General
 RENEA HICKS Special Assistant Attorney General
 SUSAN GARRISON Acting Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General