# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 17, 1991

Honorable Erwin W. Barton
Chairman
Human Services Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78769-2910

Opinion No. DM-5A (Clarification)

Re: Whether section 102.51 of the Alcoholic Beverage Code imposes a territorial limitation on the resale of beer by local distributors (RQ-2151)

Dear Representative Barton:

You ask about the territory in which a local beer distributor may resell beer. Your question requires an interpretation of both section 102.51 and section 102.52 of the Alcoholic Beverage Code. Section 102.51 provides in part:

> (a) Each holder of a manufacturer's or nonresident manufacturer's license shall designate territorial limits in this state within which the brands of beer the licensee manufactures may be sold by general, local, or branch distributor's licensees.

> (b) Each holder of a general, local, or branch distributor's license shall enter into a written agreement with each manufacturer from which the distributor purchases beer for distribution and sale in this state setting forth the sales territory within which each brand of beer purchased by that distributor may be distributed and sold. No holder of a general, local, or branch distributor's license shall make any sales of any brand of beer outside the sales territory specified in the written agreement.

Section 102.52 provides as follows:

> (a) Nothing in Section 102.51 of this code limits or alters the right of a holder of a general, local, or branch distributor's

license to sell beer to any other holder of a general, local, or branch distributor's license, except that a distributor who has purchased beer from another distributor may distribute and sell the beer only within a territory for which the manufacturer of the brand has designated that it may be sold by a distributor.

(b) A holder of a general, local, or branch distributor's license may not purchase, possess, transport, or sell any brand of beer outside of the county in which the distributor's licensed premises are located unless the distributor has a written assigned territory from the holder of a manufacturer's or nonresident manufacturer's license covering that brand of beer.

You interpret sections 102.51 and 102.52 to mean that local distributors are required to limit beer distribution to the territories in which general distributors may resell beer. *See generally* Alco. Bev. Code §§ 64.01, 66.01 (holder of general distributor's license or branch distributor's license may sell beer to and receive beer from general, local, or branch distributors). You also inform us that some local distributors have taken the position that those provisions permit them to resell a particular brand in any part of the state in which the manufacturer permits the sale of that brand. Neither of these interpretations is entirely correct. The correct interpretation depends on whether the local distributor purchased beer directly from a manufacturer or from a general distributor. When the local distributor purchases beer directly from the manufacturer, the statutes make clear that the distributor may distribute a particular brand of beer only in the territory assigned to the local distributor by the manufacturer. When a local distributor purchases beer from another distributor, sections 102.51 and 102.52 limit the territory where the local distributor may resell the beer to the territory assigned to the general distributor by the manufacturer from whom the general distributor originally purchased the beer.

In response to your suggestion that a local distributor may resell a brand of beer purchased from a general distributor in the territory assigned to the general distributor, we note that subsection (b) of section 102.51 states that a holder of a local distributor's license may not "make any sales of any brand of beer outside the sales territory specified in the written agreement." Nothing in that language suggests that the territorial limitation applies only to beer a general distributor purchases directly from a manufacturer. Further, subsection (b) of section 102.52

states that a holder of a local distributor's license may not sell any brand of beer outside the county of the distributor's licensed premises "unless the distributor has a written assigned territory from the holder of a manufacturer's or nonresident manufacturer's license covering that brand of beer." Those provisions clearly disallow the possibility that a local distributor can expand his assigned territory or a territory assigned to a general distributor by purchasing beer from the general distributor rather than from the manufacturer.

Those provisions negate the local distributors' suggestion that a local distributor who purchases a brand of beer from a general distributor, rather than a manufacturer, may sell that beer in any territory in which that brand may be sold by *any* distributor. Subsection (a) of section 102.52 does contain a clause stating that "a distributor who has purchased beer from another distributor may distribute and sell the beer only within a territory for which the manufacturer of the brand has designated that it may be sold by a distributor." Standing alone, that language might support the local distributors' suggestion. That interpretation is, however, in direct conflict with subsection (b) of section 102.51 and subsection (b) of section 102.52, both of which limit a local distributor's authority to sell beer to the territory assigned to the general distributor by the manufacturer when the local distributor purchases from the general distributor. Since subsection (b) of section 102.51 and subsection (b) of section 102.52 were both enacted later than subsection (a) of section 102.52, those provisions prevail. *Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104 (Tex. Civ. App.--Tyler 1977, no writ) (when statutes conflict, later-enacted prevails); *see* Acts 1983, 68th Leg., ch. 959, § 1, at 5229 (amending subsection (b) of section 102.51); Acts 1979, 66th Leg., ch. 33, § 9, at 55 (adding subsection (b) to section 102.52); Acts 1975, 64th Leg., ch. 20, § 1, at 41 (adding substance and basic language of section 102.52(a)). In conclusion, a local distributor who purchases beer from a general distributor may sell a brand of beer only in the territory assigned to the general distributor by the manufacturer of that brand.

## SUMMARY

A local beer distributor may resell a particular brand of beer that he purchases from a general distributor only in the territory in which the general distributor is authorized by the manufacturer to sell that brand. When a local distributor purchases beer from a manufacturer, the local distributor may

only resell the beer in the territory specified in his written agreement with the manufacturer.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General