

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 30, 1995

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-358

Re: Whether service by delivery to the premises under Texas Rule of Civil Procedure 742a constitutes valid service of citation in a suit for rent joined with a suit for forcible detainer (RQ-671)

Dear Mr. Driscoll:

You ask us whether a justice court has personal jurisdiction to grant a default judgment against a tenant defendant in a suit for rent joined with a forcible detainer action "when service is completed by the alternative service methods authorized in Tex. R. Civ. P. 742a [but not by a service method authorized in Texas Rule of Civil Procedure 536] and the tenant fails to file an answer or appear at trial." You also ask whether the citation form and notice requirements of Texas Rule of Civil Procedure 534, in addition to those of Texas Rule of Civil Procedure 739, apply to a joint action for forcible detainer and suit for rent. In your supporting brief you contend that rules 739, 742, and 742a apply to the exclusion of rules 534 and 536 when the proceeding involves only a simple action of forcible entry and forcible detainer, *see* Prop. Code § 24.001 (definition), or forcible detainer, *see id.* § 24.002 (definition), but that a suit for rent that is joined with a forcible detainer action is subject to the citation issuance and service requirements established in rules 534 and 536. For the following reasons, we concur.

**L.** **The Texas Rules of Civil Procedure do not expressly indicate which rules for citation issuance, service, and return apply to a rent action that is joined with a forcible detainer action filed in justice court.**

You say there is disagreement among the justices of the peace of this state on these questions and point out that the language of the rules relating to forcible detainer actions, Tex. R. Civ. P. 738 - 55, does not address the problem of how to coordinate procedures governing a suit for rent with those governing a forcible detainer action. Texas Rule of Civil Procedure 738 provides:

> A suit for rent may be joined with an action of forcible entry and detainer, wherever the suit for rent is within the jurisdiction of the justice court. In such case the court in rendering judgment in the action of forcible entry and detainer, may at the same time render

> judgment for any rent due the landlord by the renter; provided the
> amount thereof is within the jurisdiction of the justice court.

The self-evident purpose of this rule is the promotion of judicial economy, that is, the avoidance of two separate proceedings between a landlord and a tenant who has failed to pay rent. Although a forcible detainer action may be based on a default under the tenancy agreement other than nonpayment of rent so that the facts in each cause of action may not be the same, judicial economy is promoted even in this situation by allowing the landlord to join both claims arising out of the landlord-tenant relationship.

Unfortunately, the forcible detainer rules governing procedures between the time a suit for rent is joined with a forcible detainer action and the time of rendition of the court's judgment on the two causes of action do not indicate how the two causes are supposed to be coordinated. The rules simply do not address whether a suit for rent will be governed by the rules for issuance, service, and return of citation in forcible detainer actions. Having found no case law directly bearing on this problem, we must consider the nature of each of the two causes of action and the purposes of the procedural rules relating to the two in order answer your questions.

II.     A rent action is an in personam proceeding and, as an ordinary civil suit for debt, normally (when not joined with a forcible detainer suit) is subject to the general rules for citation issuance, service, and return contained in Texas Rules of Civil Procedure 534, 536, and 536a.

A suit for rent is a proceeding for personal relief against a current or former tenant and thus is an invocation of the court's in personam jurisdiction of the tenant defendant. In personam jurisdiction is the "[p]ower which a court has over the defendant himself in contrast to the court's power over the defendant's interest in property (quasi in rem) or power over the property itself (in rem)." BLACK'S LAW DICTIONARY 791 (6th ed. 1990) (defining *in personam jurisdiction*). An action in personam is one "seeking judgment against a person involving his personal rights and based on jurisdiction of his person." *Id.* (defining *in personam*); *accord Green Oaks Apts., Ltd. v. Cannan*, 696 S.W.2d 415, 418 (Tex. App.--San Antonio 1985, no writ).

Furthermore, a suit for rent is an ordinary action for debt and thus normally (when not joined with a forcible detainer suit) is subject to the citation issuance, service, and return requirements of Texas Rules of Civil Procedure 99, 106, and 107 in district or county court or those of Texas Rules of Civil Procedure 534, 536, and 536a in justice court. Rules 534, 536, and 536a are found in part V of the Texas Rules of Civil Procedure, which part governs ordinary civil proceedings in justice court.

Rule 534 provides as follows:

> **a. Issuance.** When a claim or demand is lodged with a justice
> for suit, the clerk when requested shall forthwith issue a citation and

deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition if any is filed. Upon request, separate or additional citations shall be issued by the clerk.

b. Form. The citation shall (1) be styled "The State of Texas", (2) be signed by the clerk under seal of court or by the Justice of the Peace, (3) contain name and location of the court, (4) show date of filing of the petition if any is filed, (5) show date of issuance of citation, (6) show file number and names of parties, (7) state the nature of plaintiff's demand, (8) be directed to the defendant, (9) show name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition. The citation shall direct defendant to file a written answer to plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of ten days after the date of service thereof. The requirement of subsections 10 and 12 of this rule shall be in the form set forth in section c of this rule.

c. Notice. The citation shall include the following notice to defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of ten days after you were served this citation and petition, a default judgment may be taken against you."

d. Copies. The party filing any pleading upon which citation is to be issued and served shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when copies are so furnished the clerk shall make no charge for the copies.

Rule 536 provides in part as follows:

(b) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by this rule by:

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto if any is filed.

(c) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service:

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 536(b), (c).[1]

Finally, Rule 536a provides as follows:

The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay.

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. When the citation was served by registered or certified mail as authorized by Rule 536, the return by the officer or authorized person must also contain the receipt with the addressee's signature. When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain.

Where citation is executed by an alternative method as authorized by Rule 536, proof of service shall be made in the manner ordered by the court.

---

[1]Apparently, the reference in subsection (c) to "either (a)(1) or (a)(2)" should be to "either (b)(1) or (b)(2)." *See* Tex. R. Civ. P. 106(b).

> No default judgment shall be granted in any cause until the
> citation with proof of service as provided by this rule, or as ordered
> by the court in the event citation is executed under Rule 536, shall
> have been on file with the clerk of the court three (3) days, exclusive
> of the day of filing and the day of judgment.

The language of rules 534 and 536, as amended in 1990, and of rule 536a, which was added in 1990, follows closely that of rules 99, 106, and 107, which are the general rules for issuance, service, and return of citation in civil suits in the district and county courts. These justice court rules differ from the county and district court rules only to the extent necessary to comport with the informality of justice court proceedings. *See* Tex. R. Civ. P. 534 comment--1990 ("To conform justice court service of citation to the extent practicable to service of citation for other trial courts"), 536 comment--1990 (same), 536a comment--1990 ("New rule to conform justice court service of citation to the extent practicable to service of citation for other trial courts"). In addition, Texas Rule of Civil Procedure 523 provides, "All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules." Thus the Texas Supreme Court has established a presumption that procedures in the justice courts are concordant with those in the district and county courts except where a rule or law specifically deviates from those procedures.

Under these general civil rules in part V, the justice court's in personam jurisdiction of the defendant in a suit for rent normally would attach upon hand delivery of process to the defendant or upon the defendant's receipt of process by registered or certified mail, return receipt requested, in accordance with subsection (b) of rule 536. *See* 59 TEX. JUR. 3D *Process, Notices, and Subpoenas* § 39, at 347-48 & n.53 (1988); *see also* Tex. R. Civ. P. 536a (specifically requiring, in case of service by mail as authorized by rule 536, that return of service "contain the receipt with the addressee's signature").

With the possible exceptions of rules 739, 742, and 742a (quoted and discussed below), rules 534 and 536 provide the only basis for the attachment of the justice court's personal jurisdiction in a suit for rent, in the absence of some type of waiver of service by the defendant. The Texas Supreme Court, in the case of *Wilson v. Dunn*, 800 S.W.2d 833 (Tex. 1990), recently reaffirmed that "jurisdiction is dependent upon citation *issued* and *served* in a manner provided for by law," *id.* at 836 (emphasis added), and held that "a default judgment is improper against a defendant who has not been served in strict compliance with law, even if he has actual knowledge of the lawsuit," *id.* at 837. *See* Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules"); *see also, e.g., Cates v. Pon*, 663 S.W.2d 99, 102 (Tex. App.--Houston [14 Dist.] 1983, writ ref'd n.r.e.) ("Failure to show affirmatively a strict compliance with the rules of civil procedure relating to the issuance, service and return of citation will render the attempted service of process invalid and of no effect").

A suit for rent is appropriate for the use of either method of service in rule 536(b), hand delivery or return-receipt mail. Either method is considered to be "personal service," *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813, 815 (Tex. Civ. App.--Dallas 1979, no writ), because either method effects actual delivery of process to the defendant, *see* BLACK'S LAW DICTIONARY 1369 (defining *personal service*); *cf. State Farm Fire & Casualty Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam) (service methods of subsection (a) of rule 106 provide proof of actual notice to defendant). "Personal service guarantees actual notice of the pendency of a legal action; it thus represents the ideal circumstance under which to commence legal proceedings against a person, and has traditionally been deemed necessary in actions styled *in personam*." *Greene v. Lindsey*, 456 U.S. 444, 449 (1982) (citing *McDonald v. Mabee*, 243 U.S. 90, 92 (1917)).

Although personal service is the ideal in a personal action such as a suit for rent, in personam jurisdiction may also attach by substituted or constructive service.

> The right to resort to constructive or substituted service of process in personal actions or proceedings according to the common law rests upon the necessities of the case, and it seems generally to have been limited and restricted to cases where personal service could not be made because the defendant was a nonresident, or had absconded, or had concealed himself for the purpose of avoiding service.

62B AM. JUR. 2D *Process* § 165 (1990) (footnote omitted); *accord Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 146-47 (Tex. 1951), *cert. denied*, 342 U.S. 903 (1952). "[I]t is a well recognized rule of law that the Legislature (or in Texas, the Supreme Court) may make rules authorizing a personal judgment against a resident citizen on the basis of constructive or substituted service." *Sgitcovich*, 241 S.W.2d at 146.

Such rules must, of course, conform to the requirement of due process. *Id.* "[The] adequacy [of substituted or constructive service], so far as due process of law is concerned, is dependent on whether or not the particular form of service is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.* at 147 (quoting 42 AM. JUR. *Process* § 65, at 54-55 (1942)).

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Failure to give notice violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed. 62 (1965).

*Peralta v. Heights Medical Ctr.*, 485 U.S. 80, 84 (1988).

In rules 106(b) and 536(c) the supreme court has authorized substituted service, upon motion supported by an affidavit, as follows:

> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Substituted service under rule 106(b) is not permissible "without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson*, 800 S.W.2d at 836. That is, a "[p]laintiff need not attempt both [preferred methods of personal service] before procuring substituted service under Rule 106(c), but he must establish that *both* preferred methods are impractical before substituted service is authorized." *Harrison*, 589 S.W.2d at 815. We believe the same showing is required for authorization to make substituted service of process under the identically worded rule 536(c). *See* Tex. R. Civ. P. 536 comment--1990 ("To conform justice court service of citation to the extent practicable to service of citation for other trial courts").

**III.    A forcible detainer action is an in rem special proceeding and is subject to the special rules for citation issuance, service, and return contained in Texas Rules of Civil Procedure 739, 742 and 742a.**

Having set forth above the procedural scheme for citation and service relating to ordinary civil actions in justice court, we now will compare the scheme relating to forcible detainer actions. Unlike suits for rent, forcible detainer actions are classified as in rem in nature. *See Greene*, 456 U.S. at 450. The essential purpose of an in rem proceeding is "to affect interests in specific property located within territory over which court has jurisdiction," and a judgment in such an action "binds the whole world and not simply the interests of the parties to the proceeding." BLACK'S LAW DICTIONARY 793 (defining *in rem*); *accord Green Oaks Apts., Ltd.*, 696 S.W.2d at 418.

Furthermore, the sole purpose of forcible detainer actions is to provide a summary mechanism to determine the right to possession of real property. "The Legislature has provided by forcible entry and forcible detainer proceedings a summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of premises without resorting to an action upon the title." *Holcombe v. Lorino*, 79 S.W.2d 307, 309 (Tex. 1935); *accord McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). A forcible detainer action is a special proceeding in the justice court and is governed by special rules. *Haginas v. Malbis Memorial Found.*, 354 S.W.2d 368, 371 (Tex. 1962); *see* Tex. R. Civ. P. 738 - 55. "[T]he question of right of possession is the only issue" in the proceeding. *Haginas*, 354 S.W.2d at 371; *accord* Tex. R. Civ. P. 746.

Rules 739, 742, and 742a are the rules for issuance, service, and return of citation in forcible detainer proceedings. Rule 739 provides as follows:

> When the party aggrieved or his authorized agent shall file his written sworn complaint with such justice, the justice shall immediately issue citation directed to the defendant or defendants commanding him to appear before such justice at a time and place named in such citation, such time being not more than ten days nor less than six days from the date of service of the citation.
>
> The citation shall inform the parties that, upon timely request and payment of a jury fee no later than five days after the defendant is served with citation, the case shall be heard by a jury.

This rule lacks many of the requirements of rule 534, particularly the requirement of notice that a default judgment may result from the defendant's failure to appear. Another significant variation from rule 534 is in the appearance deadline, which under rule 739 is a time certain stated in the citation that is not more than ten days nor less than six days from the date of service of citation and which under rule 534 is ten o'clock in the morning of the next Monday after ten days from the date of service.

Rule 742 provides as follows:

> The officer receiving such citation shall execute the same by delivering a copy of it to the defendant, or by leaving a copy thereof with some person over the age of sixteen years, at his usual place of abode, at least six days before the return day thereof; and on or before the day assigned for trial he shall return such citation, with his action written thereon, to the justice who issued the same.

Rule 742 thus provides for hand delivery of a copy of the citation to the defendant as one of two regular preferred methods of service. This personal service method is common to both rule 742 and rule 536, so such delivery (unless the citation or a court order directs otherwise) will comply with both rules and, if citation has been issued properly, will attach the court's in personam jurisdiction to the served defendant in both the forcible detainer action and the suit for rent.

Rule 742a provides as follows:

> If the sworn complaint lists all home and work addresses of the defendant which are known to the person filing the sworn complaint and if it states that such person knows of no other home or work addresses of the defendant in the county where the premises are located, service of citation may be by delivery to the premises in question as follows:
>
> If the officer receiving such citation is unsuccessful in serving such citation under Rule 742, the officer shall no later than five days

after receiving such citation execute a sworn statement that the officer has made diligent efforts to serve such citation on at least two occasions at all addresses of the defendant in the county where the premises are located as may be shown on the sworn complaint, stating the times and places of attempted service. Such sworn statement shall be filed by the officer with the justice who shall promptly consider the sworn statement of the officer. The justice may then authorize service according to the following:

(a) The officer shall place the citation inside the premises by placing it through a door mail chute or by slipping it under the front door; and if neither method is possible or practical, the officer shall securely affix the citation to the front door or main entry to the premises.

(b) The officer shall that same day or the next day deposit in the mail a true copy of such citation with a copy of the sworn complaint attached thereto, addressed to defendant at the premises in question and sent by first class mail;

(c) The officer shall note on the return of such citation the date of delivery under (a) above and the date of mailing under (b) above; and

(d) Such delivery and mailing to the premises shall occur at least six days before the return day of the citation; and on or before the day assigned for trial he shall return such citation with his action written thereon, to the justice who issued the same.

It shall not be necessary for the aggrieved party or his authorized agent to make request for or motion for alternative service pursuant to this rule.

IV.   **The service methods of rules 742 and 742a differ from those of rule 536 in various ways that reflect the summary character of a forcible detainer proceeding, its limited in rem purpose of determining the immediate right of possession of real property, and the defendant's limited interest in the subject matter of the proceeding.**

Although both rule 536(b) and rule 742 permit regular service by hand delivery to the defendant, the service provisions of rules 742 and 742a deviate from the regular service procedures of rule 536 in various ways. The differences in rules 742 and 742a reflect the summary character of a forcible detainer proceeding, its limited in rem purpose of determining the immediate right of possession of real property, and the defendant's concomitantly limited interest in the subject matter of the proceeding.

The first deviation is that rule 742 does not provide for return-receipt mail service. *Cf.* Tex. R. Civ. P. 536(b)(2). Return-receipt mail is not a practical method of service for a forcible detainer action because a defendant frequently would not actually receive service of the citation until several days after the citation is sent. For example, there often would be a lag of several days between the defendant's receipt of a notice of attempted delivery of certified or registered mail and the defendant's visit to the post office to pick up the package and sign the return receipt. Such a delay is not consistent with the speedy disposition required in a forcible detainer action.

The second deviation is that rule 742 provides for a second regular method of service that would be permissible under rule 536 only by leave of court: leaving a copy of the citation at the defendant's usual place of abode with someone who is at least sixteen years old. This method of substituted abode service is not effective unless the person served has some relationship to the defendant so that the service is reasonably calculated to notify the defendant of the lawsuit. Attorney General Opinion H-1315 (1978) at 2. Rule 536(c)(1) would authorize leave of court for substituted abode service only "[u]pon motion supported by affidavit stating the location of the defendant's . . . usual place of abode . . . and stating specifically the facts showing that service has been attempted [by hand delivery to the defendant or return-receipt mail] at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 536(c). Thus, rule 536 institutes in the ordinary justice court civil rules a preference for personal service and an aversion to substituted abode service that are not found in rule 742.

Although substituted abode service does not guarantee the ideal of actual notice to the defendant, we believe the preferred treatment of such service in rule 742 as an equivalent to hand delivery to the defendant reasonably responds to the special nature of the forcible detainer action. The action for forcible detainer will not serve its purpose of deterring landlords from the impulse to evict tenants by force, *see* OLIN L. BROWDER ET AL., BASIC PROPERTY LAW 377 (5th ed. 1990), unless it proceeds speedily; so substituted abode service responds to the exigency of the proceeding. In a summary action to obtain immediate possession of real property, service at the defendant's usual place of abode, upon a person of the required minimum age who is related to the defendant, is, we believe, "reasonably calculated to give the defendant actual notice of the proceedings," *Sgitcovich*, 241 S.W.2d at 147, if the defendant still desires to maintain a possessory interest in the property. *See* Attorney General Opinion H-1315 (1978) at 2.[2] Furthermore, if the

---

[2]Although the constitutionality of a court's assertion of personal jurisdiction by constructive service does not depend on a classification of a proceeding as in rem or in personam, *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 312-13 (1950),

> [t]hat is not to say that the nature of the action has no bearing on a constitutional assessment of the reasonableness of the procedures employed. The character of the action reflects the extent to which the court purports to extend its power, and thus may roughly describe the scope of potential adverse consequences to the person claiming a right to more effective notice. But "'[a]ll proceedings, like all rights, are really against persons.'" . . . The sufficiency of notice must be tested

defendant has abandoned the premises and another person unknown to the plaintiff landlord has taken possession, substituted abode service is particularly well suited to notify that person of pending dispossessory proceedings.

By comparison, a suit for rent, unlike a forcible detainer action, *see Holcombe v. Lorino*, 79 S.W.2d at 309, is not a summary proceeding. As we said earlier, the joinder of a rent action with a forcible detainer action promotes judicial economy but not any goal that requires an expedited trial of the rent action. There is no exigency in a suit for rent that would justify dispensing, as rule 742 does, with the requirement of diligence in attempting personal service on the defendant. Furthermore, the effectiveness of substituted abode service as a means of notification of the rent action is not proportionate to the "scope of potential adverse consequences to the person claiming a right to more effective notice." *Greene*, 456 U.S. at 450. A defendant who has abandoned the property and consequently does not receive notice of the suit for rent still may suffer the adverse consequence of a personal judgment of a maximum of $5,000 plus interest, *see* Gov't Code § 27.031(a)(1) (jurisdictional limit for justice court), whereas a forcible detainer defendant who has abandoned the property has already relinquished the right of possession and therefore will suffer no substantial adverse consequence.

We will return to consideration of substituted abode service under rule 742, but first we will analyze rule 742a, because that rule illustrates more clearly the distinction between rent actions and forcible detainer actions in regard to the issue of reasonableness of substituted service. Rule 742a contains the third deviation from rule 536 in that it sets forth a "nail and mail" procedure for substituted service of citation in forcible detainer actions: (1) "placing [the citation] through a door mail chute or by slipping it under the door" of the premises or, "if neither method is possible or practical," by affixing the citation securely "to the front door or main entry," Tex. R. Civ. P. 742a(a), *and* (2) mailing a copy of the citation and sworn complaint to the defendant by first-class mail addressed to the premises in question, Tex. R. Civ. P. 742a(b). The second paragraph of rule 742a provides that these methods of service are permissible only by leave of the justice of the peace upon consideration of the process-server's affidavit showing that, after diligent efforts, she has been unsuccessful in serving citation under rule 742.

We believe that nail-and-mail service directed to the subject premises in a forcible detainer action provides reasonable notice because of the "caretaker assumption." This assumption, according to one commentator who discussed it in connection with the an analysis of service by posting after *Greene*, "consists of two interrelated propositions: first, that those with an interest in property will supervise it either directly or through an agent, and thus will see notice posted on the property; and second, that to the extent

---

(footnote continued)
> with reference to its ability to inform people of the pendency of proceedings that affect their interests.

*Greene v. Lindsey*, 456 U.S. 444, 450-51 (1982) (footnotes omitted).

property is left unsupervised, it may be presumed abandoned." Arthur F. Greenbaum, *The Postman Never Rings Twice: The Constitutionality of Service of Process by Posting After Greene v. Lindsey*, 33 AM. U. L. REV. 601, 640 (1984). The United States Supreme Court, in *Greene v. Lindsey*, a case involving a Kentucky statute permitting service by posting (but not providing for supplemental service by mail) in forcible detainer actions, applied the caretaker assumption to service by posting in such actions as follows: "If the tenant has a continuing interest in maintaining possession of the property for his use and occupancy, he might reasonably be expected to frequent the premises; if he no longer occupies the premises, then the injury that might result from his not having received actual notice as a consequence of the posted notice is reduced." *Greene*, 456 U.S. at 452.

The second prong of the caretaker assumption, the "abandonment presumption," distinguishes in personam from in rem actions in regard to the extent of the potential adverse consequences its application will entail:

> In actions that involve property interests, and that proceed without notice being seen, the abandonment presumption mitigates the loss that the defendant incurs. The defendant's loss of a potential interest in property is of little consequence if he has already abandoned that interest. In actions unrelated to property, however, this buffer is lost. Even if the defendant has abandoned an interest in the property upon which posting occurs, that does not signify that the defendant has abandoned nonrelated claims that are the object of the suit.

Greenbaum, *supra*, 33 AM. U. L. REV. at 640.

In *Greene* the Court stated that, if personal service is impractical, service by posting "would, in many or perhaps most instances, constitute not only a constitutionally acceptable means of service [in forcible detainer actions], but indeed a singularly appropriate and effective way of ensuring that a person who cannot conveniently be served personally is actually apprised of proceedings against him." *Greene*, 456 U.S. at 452-53. Nevertheless, the Court held that posting alone was constitutionally deficient in the circumstances of that case, in which the evidence showed that "notices posted on apartment doors in the area where these tenants lived were 'not infrequently' removed by children or other tenants before they could have their intended effect," *id.* at 453; in which "[n]either the statute, nor the practice of the process servers, makes provision for even a second attempt at personal service, perhaps at some time of day when the tenant is more likely to be at home," *id.* at 454; and in which supplementary service by mail had not been used to enhance the reliability of posted service, *id.* at 455.

Although disclaiming the responsibility to prescribe what scheme of substituted service Kentucky should adopt to cure the constitutional deficiency, *id.* at 455 n.9, the

Court spoke approvingly of mail service used as a supplement to service by posting in forcible detainer actions:

> Notice by mail in the circumstances of this case would surely go a long way toward providing the constitutionally required assurance that the State has not allowed its power to be invoked against a person who has had no opportunity to present a defense *despite a continuing interest in the resolution of the controversy. Particularly where the subject matter of the action also happens to be the mailing address of the defendant, and where personal service is ineffectual*, notice by mail may reasonably be relied upon to provide interested persons with actual notice of judicial proceedings.

*Id.* at 455 (emphasis added).

*Greene* teaches that when personal service is impractical, nail-and-mail service is particularly well suited to forcible detainer actions, in which "the subject matter of the action also happens to be the mailing address of the defendant," and such service is a reasonably effective method, in those proceedings, of providing actual notice to persons who have "a continuing interest in the resolution of the controversy." *Id.* This rationale applies specifically to in rem dispossessory proceedings. "The character of the action reflects the extent to which the court purports to extend its power, and thus may roughly describe the scope of potential adverse consequences to the person claiming a right to more effective notice." *Id.* at 450. The abandonment presumption is not valid when applied to an in personam action for rent, for a tenant's abandonment of a rental unit cannot reasonably be interpreted as an abandonment of the tenant's interest in contesting any claim for rent on that unit.

This does not mean that substituted service by posting and mail can never be constitutional in any action for rent, but we do believe that nail-and-mail service is not a reasonably effective form of notice in *all* suits for rent joined with forcible detainer actions. The inapplicability of the caretaker assumption to a suit for rent makes necessary a case-by-case determination of the impracticality of personal service and the reasonableness of nail-and-mail service in the circumstances of each particular case before the court. Nail-and-mail service in a suit for rent will be consistent with due process when, in the circumstances of the particular case, personal service is impractical and nail-and-mail service "will be reasonably effective to give the defendant notice of the suit," Tex. R. Civ. P. 536(c)(2). *See, e.g., Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314 (1950). Such a case-by-case determination is unnecessary, however, in a simple forcible detainer action because the caretaker assumption supports the appropriateness of nail-and-mail service--that is, the reasonable effectiveness of such notice--for that whole category of action. Rule 742a, consistently with the nature of forcible detainer actions and the limited possessory interest that is the subject of the action, does not require such a determination.

Similarly, we believe that substituted abode service under rule 742 is not a reasonably effective form of notice in *all* suits for rent because the caretaker assumption, with its abandonment presumption, has no validity when applied to rent claims. Rather, this method of service is valid in a rent action only if, in the circumstances of the particular case, personal service is impractical and abode service will provide reasonably effective notice under the circumstances.

**V.   Applying the presumption against a construction that would lead to mischievous consequences and unconstitutional applications, the service methods of rules 742 and 742a are construed as not applying to a suit for rent even if it is joined with a for⸱ble detainer action, and rule 739 is construed as not applying because it is in pari materia with rules 742 and 742a.**

We believe that a court rule of procedure of doubtful meaning, like a statute of doubtful meaning, should be construed so as to avoid mischievous consequences and applications that would violate constitutional rights. *Cf.* 67 TEX. JUR. 3D *Statutes* § 127, at 725 (1989) (so said of statutes); *cf. also Oriental Hotel Co. v. Griffiths*, 33 S.W. 652, 662-63 (Tex. 1895) (statute susceptible of two constructions shall be given interpretation that "will attain the just solution of the questions involved and protect the rights of all parties"). This presumption leads us to conclude that rules 742 and 742a do not apply to suits for rent that are joined with forcible detainer actions because if they did, service effected under those rules in some cases would violate the defendant's due process right to reasonable notice and an opportunity to answer the suit. Therefore, a suit for rent in justice court is subject to the citation service requirements of rule 536 regardless of whether it is joined with a forcible detainer suit.

Having concluded that the forcible detainer service rules do not apply to a suit for rent that is joined with a forcible detainer action, we further conclude that the supreme court did not intend in providing for joinder of suits for rent with forcible detainer actions under rule 738 that such suits would be governed by any of the rules for issuance, service, and return of citation for forcible detainer actions. We base this conclusion on the rule of interpretation that court rules, like statutes, that "deal with the same general subject or have the same general purpose are considered to be in pari materia and will be taken, read and construed together as though they were parts of one and the same law," which rule is based on the assumption that several rules "relating to one subject are governed by one spirit and policy and are intended to be consistent in their several parts and provisions." *Texas State Bd. of Pharmacy v. Kittman*, 550 S.W.2d 104, 106 (Tex. Civ. App.—Tyler 1977, no writ) (so said of statutes); *accord State v. Dyer*, 200 S.W.2d 813, 817 (Tex. 1947) (quoting *Neill v. Keese*, 5 Tex. 23, 33 (1849)). Rules 534, 536, and 536a, on the one hand, and rules 739, 742, and 742a, on the other ⸱re two sets of rules for issuance, service, and return of citation that have the same gene⸱. purposes of providing notice and establishing the trial court's personal jurisdiction over the defendant. *See Cates*, 663 S.W.2d at 102; 3 TEX. JUR. 3D *Appearance* § 29, at 685-86. Therefore, because rules 742 and 742a do not apply to rent actions joined with forcible detainer actions, we believe that the rule for issuance of citation, rule 739, should also be construed as not applying to

rent actions joined with forcible detainer actions. Rather, citation issued for a suit for rent in justice court must comply in all cases with rule 534 in order for the court's jurisdiction to attach to the defendant by service of process.

We appreciate that rule 534 provides for a longer deadline for appearance than rule 739, but there is no reason why this difference should cause a problem. A defendant duly served with citation issued in accordance with both rule 739 and rule 534 will simply have two appearance days. Thus, depending on how the deadlines fall, in some cases a defendant may default under rule 739 several days before the deadline for appearance under rule 534. On the other hand, the defendant's general appearance before the deadline under rule 739 will constitute a waiver of issuance (under rule 534) and service (under rule 536) of citation in the rent action and will subject the defendant to the court's personal jurisdiction regardless of any failure to comply with the rules regarding citation and service. *See* Tex. R. Civ. P. 120,[3] 121[4]; 3 TEX. JUR. 3D *Appearance* § 29, at 686-88 (1980) ("a general appearance amounts to a waiver of personal service, or of any irregularities therein, or of any insufficiency in the officer's return of the citation"). Failure to appear in person or by written answer on or before the first appearance day, the one for the forcible detainer action, will be cause for entry of a default judgment on the forcible detainer action. *See* Tex. R. Civ. P. 743.

Indeed, separate default dates on the two actions in some cases may actually promote speedy disposition of the forcible detainer action. Because citation under rule 739 will never provide for a later deadline than that under rule 534, a defendant who has relinquished or intends to relinquish possession may choose to default on the forcible detainer claim and then appear in the rent action on or before the deadline under rule 534. In that situation the justice court, upon calling the case on the default docket, may enter a default judgment for possession under rule 743 on the forcible detainer claim. If the two actions had the same appearance deadline, a defendant not desiring to contest the forcible detainer action still would be forced to appear in the forcible detainer action in order to prevent a default on the rent action, thereby delaying judgment in the forcible detainer action because the justice of the peace then would have to note the appearance and set both the forcible detainer and rent actions for trial. *See* Tex. R. Civ. P. 539, 743.[5]

---

[3]Texas Rule of Civil Procedure 120 provides as follows: "The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law."

[4]Texas Rule of Civil Procedure 121 provides as follows: "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."

[5]The two actions may be tried jointly, *see* Tex. R. Civ. P. 738 (court may render judgment in both actions "at the same time"), unless the defendant files a counterclaim that is not related to the issue of possession, *see* Tex. R. Civ. P. 752 (authorizing recovery by detainer plaintiff or defendant, in county-court trial de novo, of "damages . . . suffered for withholding or defending possession of the premises during the pendency of the appeal"); *Hanks v. Lake Towne Apartments*, 812 S.W.2d 625, 627 (Tex. App.--

# S U M M A R Y

Texas Rules of Civil Procedure 739, 742, and 742a, the rules for issuance and service of citation in forcible entry and detainer actions and forcible detainer actions, do not apply to suits for rent that are joined with forcible detainer actions. To subject a defendant to a justice court's personal jurisdiction in a rent action that is joined with a forcible detainer action, citation must be issued and served in compliance with Texas Rules of Civil Procedure 534 and 536, the rules for issuance and service of citation in ordinary civil proceedings. Therefore, unless the defendant has waived service by stipulation or appearance, the justice court does not have personal jurisdiction to grant relief in a suit for rent that is joined with a forcible detainer action if citation was not so issued and served.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General

---

(footnote continued)
Dallas 1992, writ denied) (counterclaim in forcible detainer action is limited to activities relating to defending possession of premises). In that event, the court should sever the rent action and the counterclaim and should set them for separate trial in order to allow speedy resolution of the issue of possession. *See* Tex. R. Civ. P. 174(b) (authorizing court to order separate trials "in furtherance of convenience or to avoid prejudice"); *see also Fandey v. Lee*, 880 S.W.2d 164, 167 (Tex. App.–El Paso 1994, writ denied) (forcible detainer defendants filed counterclaim on appeal to county court, "asserting actions to quiet title and for fraud, RICO violations and abuse of process," which counterclaim was severed for separate trial).